THE STATE *ex rel.* MISPAGEL, *Collector, Appellant,*
v. ANGERT.

Division One, March 12, 1895.

1. **Local Assessments.** Local assessments for benefits to real estate do not create a personal charge against the owner, and can be enforced only against the property benefited.

2. ————: DRAINAGE: STATUTE. Under Revised Statutes, 1889, section 6528, a drainage assessment creates a lien which may be enforced as other liens under the general revenue act.

*Appeal from St. Charles Circuit Court.*

REVERSED AND REMANDED.

*Carl Daudt* for appellant.

(1)  The drainage tax sought to be collected constitutes a lien enforceable like general tax liens.  R. S. 1889, secs. 6207, 6208 and 6209, *et seq.*; *State, etc., v. Donaldson*, 28 Mo. App. 191.  (2)  The back tax bill is made out in the name of W. F. Robbins, who formerly owned the land; the petition, however, alleges that the defendant, Hy Angert, the respondent, is now the owner of said land.  If the drainage district tax constitutes a lien on the land, no averment is necessary that defendant has agreed or assumed to pay said taxes.  (3)  The description of the land is sufficient; the petition describes the land as follows:  " *  *  * and which land is described in the order and decree of incorporation of said drainage district number ——, by said St. Charles county circuit court, to which reference is hereby  made for a  more particular description,  to wit:  The following real estate lying and situate in said drainage district number ——, St. Charles county, Mis-

souri, 59 55-100 acres, Sam Griffith's survey No. 744, T. 48, R. 6, E."

*C. W. Wilson* for respondent.

(1) Section 6528, 2 Revised Statutes, 1889, being section 12 of the act of 1879 (Acts, 1879, p. 135) is the section providing for the assessment and collection of the tax in question. It does not confer a lien upon the land, and you will search in vain for any provisions in the act of 1879, making these assessments a lien on the lands. The doctrine is too well settled to admit of question, and it is equally well settled that interest, penalties and attorney's fees may not be collected, unless allowed by statute. 2 Desty on Taxation, pp. 734, 765; Cooley on Taxation [2 Ed.], p. 444 and authorities cited; Black on Tax Titles, secs. 47, 48, 49, and 62; *City of Jefferson v. Whipple*, 71 Mo. 519; *Edmonson v. Galveston*, 53 Texas, 157; *Heine v. Commissioners*, 19 Wall. 655; *Albany Co. v. Merden*, 48 Conn. 243; *Thompkins v. Railroad*, 18 Fed. Rep. 344; *McPike v. Pen*, 51 Miss. 63; *Kansas City v. Payne*, 71 Mo. 159; *City of Jefferson v. McCarty*, 74 Mo. 55; Angell on Highways, p. 173. (2) And the lien must be clearly conferred. No presumptions are indulged in favor of the existence of a lien. Cooley on Taxation, p. 449 and cases cited. (3) The petition is bad on demurrer, because it nowhere alleges that the defendant, Henry Angert, Jr., was the owner of the land at the time that the taxes in question were assessed, but on the contrary, shows that the assessments were made against one W. F. Robbins. Hilliard on Taxation, p. 382, sec. 61; *Corry v. Gayner*, 21 Ohio St. 277; *Parks v. Campbell*, 21 Ohio St. 280. (4) It is well settled that, in proceedings of this character, all the jurisdictional facts must be alleged and proven. Every pre-

requisite must be alleged and shown to have been complied with, and no presumptions are indulged, as to the powers and jurisdiction of the court or as to the legality, of its judgments. *Irwin v. Devors*, 65 Mo. 625; *Peck v. Bridwell*, 6 Mo. App. 451; *Nelson v. Goebel*, 17 Mo. 161; *Howard v. Heck*, 88 Mo. 456; *Moore v. Harris*, 91 Mo. 616; *Cunningham v. Railroad*, 61 Mo. 33; *State v. St. Louis*, 1 Mo. App. 503; *Rogers v. City of St. Charles*, 3 Mo. App. 41. This petition does not allege that the respondent was the owner of the land at the time the assessments were made, or at the time proceedings to incorporate the drainage district were instituted.

BRACE, P. J.—The plaintiff, who is the collector of the revenue of St. Charles county, sues upon a delinquent tax bill, under the provisions of sections 7681 and 7682 of the Revised Statutes, to enforce a drainage tax against the defendant's land. The petition recites the legal organization of a drainage district in St. Charles county under the statute, the levying of the taxes on defendant's land within the district, the extension of such taxes on the tax books of the county by the county clerk, and the defendant's delinquency in paying the taxes, and prays for judgment enforcing the state's lien therefor.

The defendant demurred to the petition, and, his demurrer being sustained by the circuit court, the plaintiff appealed to the St. Louis court of appeals, from which court the case was transferred to this court.

The main question in the case is, whether the law authorizing the tax in question creates a lien upon the real estate of the owners benefited thereby.

Section 6528 of the Drainage Act, authorizes the board of supervisors to order the assessment of a tax,

not exceeding fifty cents on each acre of land situate in the drainage district, and provides, that "whenever the [said] board of supervisors shall have, by resolution, ordered the assessment of a tax, the secretary of the board, under the seal of the district, shall cause a certified copy of said order to be transmitted to the clerk of the county court in which said drainage district shall be situated  *  *  *;   and the said tax shall be extended on the tax book of the county, on the real estate to be benefited, situated in said district, in the same manner that other taxes are now extended, in a column under the heading of 'drainage tax,' and shall be collected by the collector of the county in which the real estate is situate on which the tax is levied; and when said tax shall be collected, the said collector shall pay the same over to the treasurer of the county in which the greater portion of said drainage district lies."

By the revenue act it is declared that "real property shall in all cases be liable for the taxes thereon, and a lien is hereby vested in favor of the state in all real property for all taxes thereon, which lien shall be enforced as hereinafter provided in this chapter." Section 7570. The revenue act further provides that "whenever any collector shall be unable to collect any taxes specified on the tax book" he is required to make lists thereof, one of which shall be a "land delinquent list," "in which shall be stated the taxes on lands and town lots where taxes have not been collected, with a full description of said lands and lots, and the amount of taxes due thereon, set opposite each tract of land or town lot." Section 7624. This "land delinquent list" he is required to return under oath to the county court, at the March term thereof (Section 7626), when said court is required to examine and correct the same and "cause the list so corrected

to be certified and filed in the office of the clerk of the county court" (section 7669), from which the clerk is thereafter required to make a "back-tax book" (section 7671), and deliver the same to the collector, showing "all tracts of land and town lots on which back taxes shall be due in such county or city, setting forth opposite each tract of land  *  *  *  the name of the owner, if known, and if the owner thereof be not known, then to whom the same was last assessed, the description thereof, the year or years for which such tract of land  *  *  *  is delinquent  *  *  *, and the amount of the original tax due each fund on said real estate" (Section 7679). The taxes thus set forth in the "back-tax book" against each tract of land the collector is required to collect, and if such taxes be not paid, to bring suit to enforce "the lien of the state therefor" (Secs. 7680, 7681, and 7682); in which suit the judgment, if against the defendant, shall be "that the lien of the state be enforced," and the real estate be sold to satisfy the judgment, which is declared to be "a first lien upon said land" (Section 7683).

This is the judgment which the plaintiff seeks to obtain in this case by virtue of the foregoing provisions of the statute. The taxes sued for are for the years 1884, 1887 and 1889.

The "drainage act" was passed as an independent act in 1879 (Session Acts, 1879, p. 131), and collated with the swamp lands acts, under the heading "Swamp Lands," in article 3, chapter 122, of the revision of 1879, by the committee, and in like manner carried into article 3, chapter 97, entitled "Swamp and Overflowed Lands," of the revision of 1889. But neither of these acts was revised in 1879 nor in 1889. This fact is to be noted for the reason that in the swamp land act of 1877, thus carried into the revisions

of 1879 and 1889, it was provided that the taxes assessed under that act "are to be collected and their collection enforced in the manner as other taxes for general purposes, and shall be equally a lien on the land assessed until paid." Laws of 1877, p. 289; sec. 17; R. S. 1879, sec. 6194; R. S. 1889, sec. 6504. By an amendment of the swamp land act extending its scope to contiguous lands situate in two or more counties, approved March 17, 1881, the foregoing provision contained in section 17 of the act of 1877, and in section 6194, is made to apply to this amended act. Session Acts, 1881, p. 159, section 5. This last act being also carried into article 3, chapter 97, of the revision of 1889, and section 5 thereof made the last section of the article (section 6542), with the catch words, "Sections to apply to this article," has misled counsel for appellant into the belief that the provision is applicable to the drainage act, when in fact, it has nothing to do with that act. These sections apply only to the amended swamp land act.

It is also to be noticed that the revenue act was not revised either in 1879 or 1889; and that the declaratory provision contained in section 7570, *supra*, speaks as of the date of its first enactment, and of taxes for the enforcement of which provision was therein made, that is to say, general taxes for state and county purposes. This is evident when the section is traced back through the revision of 1879, where it appears as section 6717, to the revenue law of 1872, which provides for the assessment and collection of those taxes, where it appears as section 60 on page 95, Sess. Acts 1872; and in which act the following provision was also made: "Real property shall in all cases be liable for all taxes due any city or incorporated town or school district, and a lien is hereby created in favor of the state of Missouri for all such taxes, the same as for state and county

taxes, which lien shall be enforced as in this act provided." *Ibid.* p. 119, sec. 181; R. S. 1879, sec. 6831; R. S. 1889, section 7676.

It thus appears that when this drainage act was passed in 1879 a lien was given in express terms by the revenue act for state, county, city, town and school taxes; and by the swamp land act for taxes assessed under that act, and which were to be enforced under the provisions before cited from the revenue act. Now, the precise question is, does the drainage act, which does not, in express terms, give a lien for taxes assessed under that act, so charge the land on which the tax is assessed that a judgment can be recovered against the land, and the same be sold, or so much thereof as may be necessary to pay such taxes, as provided under the revenue act cited.

It is settled law that tax liens are creatures of the statute. Without a statute there is no lien, and the intention of the legislature to create such a lien must clearly appear. "The object of all judicial interpretation of it [a statute] is to determine what intention is conveyed, either expressly or by implication, by the language used * * *. When the intention is expressed, the task is one of verbal construction only; but when, as occasionally happens, the statute expresses no intention on a question to which it gives rise, and on which some intention must necessarily be imputed to the legislature, the interpreter has to determine it by inference grounded on certain legal principles." Endlich on Interpretation of Statutes, sec. 1.

The taxes in question are assessments for benefits to real estate. Local assessments for benefits to real estate create no personal charge against the owner and can be enforced only against the real estate benefited. *City of Clinton to use v. Henry Co.,* 115 Mo. 557, and cases cited. This has been the settled law in this state

ever since the decision in *Neenan v. Smith*, 50 Mo. 526, decided in 1872, and *St. Louis to use v. Allen*, 53 Mo. 44, decided in 1873.

The drainage act of 1879 was passed in the light of this well settled principle of law, and in that light must it be interpreted. That the legislature by that act intended that a tax should be levied specifically on the lands to be benefited by the improvements therein provided for, and that the tax should be collected, is beyond question; that, if not voluntarily paid, the payment thereof should be enforced, is equally clear. Otherwise the whole act is nugatory. As the collection of the tax could not be enforced by distraint, or judgment *in personam*, it became absolutely necessary for provision to be made for enforcing the tax by some proceeding against the land. To meet this necessity the act provides that the assessment shall be certified to the clerk of the county court, extended on the tax book on the real estate assessed, in the same manner as other taxes are now extended, in a column headed, "drainage tax," and shall be collected by the collector of the county in which the real estate is situate on which the tax is levied, and paid, when collected, into the county treasury. All of which practically means nothing, unless it also means that the tax, if not paid, shall be returned as delinquent, like other taxes extended on the tax book, like them carried into the back tax book, and like them be collected by suit and judgment against the land in the manner provided for all other taxes extended on the tax book. The obligation upon the collector to collect this tax is imperative. The only way he can enforce its collection is by proceeding under the statute in the same manner as he is required to proceed for the collection of all other taxes extended like this one on the tax book; and, by necessary implication, the provisions of the statute for the collection of the other taxes

on the tax book are extended to include the collection of this drainage tax.

This being so, the case is brought within the familiar principle that "where a statutory action as to one subject-matter is extended by a subsequent statute to a new case, everything annexed and incident to the action by the first statute is equally extended." Endlich on Int. of Stat., sec. 417. This author in the same section gives the following pertinent illustrations from cases cited in his notes of implications to be drawn on questions necessarily arising out of enactments when the legislature has not expressed its intention in direct terms:

"Where trustees were appointed by statute to perform duties which would of necessity, continue without limit of time, it was held that from the nature of the powers given to them, they were impliedly made a corporation. When a local authority had statutory powers to 'recover' expenses, it was thereby also impliedly empowered not only to sue for them, but to sue in its collective designation, although not incorporated. The act which gave the admiralty court jurisdiction over all claims for necessaries supplied to foreign ships, impliedly created a maritime lien on the ship, which follows it in the hands of a purchaser."

Other illustrations of necessary implication may be found in the recent case of *State ex rel v. Slover*, 126 Mo. 652, and in *Postmaster General v. Early*, 12 Wheat. 148.

That by the foregoing legislation the legislature intended that a lien should be given for the drainage tax, to be enforced in the same manner as the state's lien for the other taxes extended on the tax book, is not only a fair and reasonable implication from the language used, but it is a necessary one to save the statute from perishing. Unless such was the intent, the legis-

lature did not only a vain and useless thing in passing the act, so far as any benefit is to be derived therefrom in the future, but it laid a pitfall for the unwary and confiding, who have hitherto acted upon the faith of it.

The taxes sued for being a lien upon the land proceeded against in this action, of which it is alleged the defendant is the owner, and the petition and tax bill conforming to the requirements of section 7682 of the revenue act, the minor objections urged in the demurrer are untenable, and the court should have overruled the demurrer. For its error in not doing so, the judgment is reversed and the cause remanded, to be tried in accordance with the views expressed in this opinion. All concur.