THE LITTLE RIVER DRAINAGE DISTRICT, Respondent, v. LOUIS HOUCK AND MARY G. HOUCK, Appellants.

St. Louis Court of Appeals.   Opinion Filed December 7, 1920.

1. TAXATION: Drains and Levees: Tax Liens: Created by Statute: Otherwise Do Not Exist. Tax liens are created only by statute, and the intention of the Legislature to create such must clearly appear; otherwise no lien will exist.

2. DRAINS AND LEVEES: Taxation: Special Taxes Levied by Drainage District Constitutes Lien: Statutes. While the lien described in section 5523, Revised Statutes 1909, refers specifically to the tax described in section 5519, which is not the tax provided for by section 5538, yet section 5524 which provides, among other things, that the pleadings, process, proceedings, practice and sales, in cases arising under the "Drains and Levees" article and section, shall be the same as in an action for the enforcement of the State's lien for delinquent general taxes upon real estate, hence, by the language used in this section, all taxes levied pursuant to the "Drains and Levees" article are made a lien upon the real estate the same as general taxes, and *held* that taxes levied by a drainage district under section 5538 for the purpose of paying expenses of organization, etc., and sued for, were a lien against the premises described in the petition.

Appeal from the Circuit Court of Cape Girardeau County.
—*Hon. Frank Kelly,* Judge.

AFFIRMED.

*A. M. Spradling* and *Giboney Houck,* for appellants.

(a) The point upon which the appellant relies in this case is that section 5538, R. S. 1909, contains no provision for the collection of the twenty-five cent levy per acre therein named. (b) That it contains no provision making said tax a lien upon real estate or other property. (c) That it contains no provision for an attorney's fee. That, therefore, the tax, the lien, the attorney's fee prayed for in plaintiff's petition are unauthorized by law and cannot be collected and that the decision of the lower court herein was erroneous. This is suit to collect a flat tax of twenty-five cents an acre. It is based on section 5538, R. S. 1909, which is section 8263 U., page 629, Laws of Missouri, 1909. This section apparently stands alone. There is no reference made to any other sections of the drainage law so that other sections may apply to it and so it can be intersticed in other sections and receive the advantage of their provisions on the collection of the twenty-five cent tax. On penalties, or on attorney's fees, a lien can be created for taxes only by statute and by express terms. Houstonia v. Grubbs, 80 Mo. App. 433; Everett v. Marston, 186 Mo. 599; State ex rel. v. Snyder, 139 Mo. 549; City of Springfield v. Starke, 93 Mo. App. 77; Excelsior Springs v. Ettenson, 120 Mo. App. 220; Kansas City v. Grush, 151 Mo. 134; Carondelet v. Picot, 38 Mo. 125; Blevins v. Smith, 104 Mo. 583; Cooley on Taxation (2 Ed.), p. 444; 27 Am. & Eng. Ency. Law (2 Ed.), p. 735; Smith v. Barrett, 41 Mo. App. 460; Dillon on municipal Corp., secs. 657, 658, 659, 660; State ex rel. v. Shortridge 56 Mo. 130; Jaicks v. Sullivan, 128 Mo. 183; Knopp v. Kansas City, 48 Mo. App. 485; Guinotte v. Egelhoff, 64 Mo. App. 356; St. Louis v. Telephone Co., 96 Mo. 623; State ex rel. v. Angert, 127 Mo. 456; City of St. Louis v. Russell, 9 Mo. 513; State ex rel. Gerdon v. Hopkins, 87 Mo. 579; Drainage District v. Dundt, 74 Mo. App. 584, 585.

*Oliver & Oliver* for respondent.

NIPPER, C.—This is a suit to foreclose an alleg-
ed lien on certain premises described in plaintiff's petition,
for special taxes levied by plaintiff upon the real estate
therein described, and for interest, costs and attorney's
fees. The taxes, on account of which it is alleged the lien
exists were levied by virture of the provisions of section
5538, Revised Statutes 1909. After judgment for plain-
tiff, defendants appealed to the Supreme Court, on
account of certain constitutional questions being in-
volved. The Supreme Court transferred the case to this
court to be decided upon its merits. See The Little
River Drainage District v. Houck et al., 222 S. W. 384.

The only question involved in this case as it reaches us,
is whether or not a tax levied pursuant to section 5538,
Revised Statutes 1909, becomes a lien against the real
estate on which the tax is assessed.

Appellants' contention is that no provision is made
in section 5538 declaring such tax to be a lien, and that
there are no other provisions in the statutes creating a
lien for the tax levied pursuant to this section; that sec-
tion 5523, declaring the drainage tax constitutes a lien,
refers to the drainage tax described in section 5519. Sec-
tion 5538 appears for the first time, and became a law by
an act of the Legislature, approved June 1, 1909. [Laws
of 1909, page 638.] This act contains six sections, desig-
nated as section 1, 8263r, 8263s, 8263t. 8263u, and 8263v.
The title as well as section 1 of this act, states that it is
an act to amend the Act of 1905 (Laws of 1905, page 190),
by adding the sections above enumerated to those con-
tained in the Act of 1905, aforesaid. Section 8263u of
the Act of 1909 is section 5538, Revised Statutes 1909.
It will be seen, therefore, that the entire Act of 1909
was amendment of the Act of 1905, and section 5538
became a part of that act as an amendment. This sec-
tion, standing alone, makes no provision for creating
such a lien, or collecting the taxes.

Tax liens are created only by statute, and the intention of the Legislature to create such must clearly appear; otherwise no lien will exist. It becomes necessary therefore, to refer to other provisions of the statute to see whether or not such a lien exists in this case. The lien described in section 5523 refers specifically to the tax described in section 5519, which is not the tax provided for by section 5538. However, an examination of section 5524, which was section 8263g of the Act of 1905 above mentioned, provides therein, among other things, as follows:

"The pleadings, process, proceedings, practice and sales, in cases arising under this article and section shall, except as herein provided, be the same as in an action for the enforcement of the State's lien for the delinquent general taxes upon real estate."

It also provides that all sheriff's deeds delivered pursuant to this article, shall have the same probative force as sheriff's deeds executed under judgments for delinquent state taxes. The Legislature evidently intended by the language used in this section to make all taxes levied pursuant to this article a lien upon the real estate, the same as general taxes; otherwise the act of the Legislature in enacting section 5538 would amount to a mere nullity, because the assessment created no personal charge against the owner, and could be enforced only against the real estate. [State ex rel. v. Angert, 127 Mo. 456, 30 S. W. 118.]

In the case above cited, l. c. 463, where a question somewhat similar to the one before us was being discussed, the court say:

"The drainage act of 1879 was passed in the light of this well settled principle of law, and in that light must it be interpreted. That the Legislature by that act intended that a tax should be levied specifically on the lands to be benefited by the improvements therein provided for, and that the tax should be collected, is beyond question; that, if not voluntarily paid, the payment thereof should be enforced, is equally clear. Otherwise the whole act is nugatory."

Appellants cite a number of cases in support of their contention that the statute (section 5538) does not create a lien upon the property.  Among the cases cited are, City of Springfield v. Starke, 93 Mo. App. 70; Excelsior Springs v. Ettenson, 120 Mo. App. 215, 96 S. W. 701; City of Carondelet v. Picot, 38 Mo. 125.  These cases however have reference to the principle that municipalties, such as a city, which derives its power to tax from the general statute, have no authority to create a tax lien by ordinance when the statute gives them no authority to do so, and are not pertinent to the point at issue in this case.

We think the taxes sued for were a lien against the premises described in the petition, and that the judgment was for the right party.  The Commissioner recommends that it be affirmed.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court.  The judgment of the circuit court is accordingly affirmed.  *Reynolds, P. J., Allen* and *Becker, JJ.*, concur.