APPEAL: disposition of case: second appeal: res adjudicata.

---

LOUISE WATKINS, Respondent, v. ROBERT S. McDONALD, Appellant.

St. Louis Court of Appeals, April 7, 1897.

1. **Appeal, Pendency of.** An appeal taken on the fifth day of December, 1896, from a judgment of allowance made at the October, 1896, term of the St. Louis city circuit court, not expiring until the first Monday in December, which was the seventh day of that month, was in time.

2. **Commissioner Appointed to Take Depositions:** COMPENSATION AND ALLOWANCE FOR STENOGRAPHER: TAXATION OF, AS COSTS: EXECUTION. In the absence of any statute fixing the compensation of a commissioner to take depositions, or providing how or by whom he shall be paid, he is entitled to a reasonable compensation and allowance for a stenographer, where the parties have agreed one shall be employed, such compensation not to exceed in any event that allowed referees, to be determined by the court appointing him, and taxed as part of the costs; but the court has no power to order execution therefor until final judgment in the cause.

*Appeal from the St. Louis City Circuit Court.*—HON. THOMAS A. RUSSELL, Judge.

REVERSED AND REMANDED.

*T. J. Rowe* for appellant.

The court had no power or authority to tax any allowance to the commissioner as costs against defend-

ant, and award execution against him for such allowance. *Dempsey v. Schawacker*, 62 Mo. App. 167; *Ring v. Vogel P. & G. Co.*, 46 *Id.* 374; *Church v. Walther*, 42 *Id.* 68; *Wilson v. Stark*, 47 *Id.* 116; *Tittman v. Thornton*, 53 *Id.* 512; *Hoover v. R'y*, 115 Mo. 77; *R'y v. Elliott*, 117 *Id.* 549; *R. R. v. Lewright*, 113 *Id.* 660; *Crook v. Tull*, 111 *Id.* 283; *St. Louis v. Menitz*, 107 *Id.* 611; *Houtz v. McCluney*, 102 *Id.* 13; *Ladd v. Cousins*, 52 *Id.* 454; *Bosley v. Parle*, 35 Mo. App. 234.

A special commissioner is entitled to the same fees for taking depositions as are allowed a notary public or a justice of the peace under the statute, and no more. R. S. 1889, sec. 4437; *Id.*, sec. 4440; Laws 1891, pp. 139, 150, 151; *Ring v. Vogel P. & G. Co.*, *supra.*

Commissioners appointed to take depositions are not entitled to greater compensation than referees, and referees in the absence of any special agreement, shall receive such compensation for their services as the court in which the case is pending may allow, not exceeding $10 per day. R. S. 1889, sec. 2158. Under rule 28 of the St. Louis circuit court, six hours is a day's work.

*Edmond A. B. Garesche* for respondent.

As appellant's motion for new trial was not heard and disposed of until at a subsequent term to the term at which the motion for allowance was heard and sustained, the matters and things which it contains are of no avail to the appellant now. R. S. 1889, sec. 2248; *State v. Roscoe*, 93 Mo. 146; *State v. Rhodes*, 86 *Id.* 635; *State ex rel. v. Kenchler*, 83 *Id.* 193; *St. Louis v. Brooks*, 107 Mo. 383; *Wine Co. v. Scholer*, 13 Mo. App. 348; *Bank v. Allen*, 7 *Id.* 595; *Welsh v. Monks*, 12 *Id.* 579; *Slagel v. Murdock*, 65 Mo. 522; *R'y v. Lewright*, 113 Mo. 669.

BOND, J.—On October 30, 1895, A. A. Paxson was appointed commissioner to take depositions on behalf of defendant in this case, which is one for damage for an alleged breach of promise. On the second day of November, 1895, said commissioner filed in court the depositions taken before him accompanied by his report, which, omitting formal parts, is to wit: "Your commissioner further reports that by agreement between the parties, said evidence was taken down in shorthand by C. C. Cowen, and his shorthand notes reduced to typewriting. That there are one thousand, three hundred and twenty-three folios in his report, which at twenty cents per folio, amounts to the sum of $264.60.

"That the number of hours consumed in the taking of said shorthand notes are fifty-two and one half, which, at the usual and customary rate of $2 per hour, amounts to the sum of $93, making a total of $357.60.

"That the defendant has paid on account of said work to said stenographer, the following sums, to wit:

February 8, 1896, cash... ........... ..... ..........$100.00
August 10, 1896, cash.. ..................... ......... 50.00
                                                  ——— $150.00

which deducted from the full amount leaves a balance due to said stenographer of $207.60.

"That there were thirty-six adjournments and meetings in said commissioner's office in the taking of said testimony.

"Wherefore, this special commissioner moves the court to allow said stenographer's bill for the balance claimed, to wit: $207.60, and a reasonable compensation for this commissioner's services in taking said testimony.

"Respectfully submitted,
"A. A. PAXSON,
"Special Commissioner."

On the hearing of the motion embodied in this report the commissioner was asked what his reasonable services were reasonably worth, and replied, to wit: "Well, if your Honor please, taking into consideration that there were thirty-six meetings there, the number of witnesses, the difficulty in getting some of the witnesses there, and the character of the proceedings, I should not think five hundred dollars an unreasonable charge."

Witness retires from the stand.

Mr. E. A. B. Garesche (attorney for plaintiff), a witness of lawful age, having been first duly sworn, testified as follows:

"*By Mr. Paxson:*   Q. Mr. Garesche you were present during the taking of all this volume of testimony, were you not?   A. Yes, sir.

"Q. I will ask you to state what, under all the circumstances and your familiarity with the matter, would be a reasonable charge?   A. I think the amount you mentioned extremely reasonable. I would not want to do it for any less, if for that much.

"Witness retires from the stand.

"This was all the evidence offered in the case."

Thereupon the court sustained said motion and allowed the commissioner $500 for his services, and $357.60 for those of his stenographer, and ordered execution for the aggregate of said sums against defendant. Defendant excepted to said order and filed a motion to vacate and annul the same, on the grounds, among others, that the court had no jurisdiction to order a taxation of costs until the final determination of the cause; that it had no jurisdiction to tax any costs for the services of the stenographer, and that its allowances were unreasonable; that the commissioner was only entitled to receive the same fees as a notary public for taking depositions. In support of this mo-

tion defendant offered in evidence the testimony taken before the commissioner, called the attention of the court particularly to the report of commissioner. The testimony taken by commissioner shows that ten (10) witnesses were examined, and that their testimony, with objections and statements of adjournments, covered four hundred and forty-five typewritten pages. That there was thirty-six continuances, eighteen of which were caused by the absence of witnesses, eight of which were caused by the absence of plaintiff's attorney, one by the commissioner himself, and the remainder by consent, on account of other engagements of counsel. The commissioner issued four (4) subpoenas only. The testimony was taken by stenographer Cowen and the total number of hours consumed in taking said depositions was fifty-two and one half. Defendant offered in evidence rule 28 of the circuit court, city of St. Louis, as follows:

## "RULE 28.

"Allowances to referees shall be determined by estimating six hours as constituting a day's work. Referees shall state in their report the number of hours they have been actually engaged in hearing testimony and preparing their report."

Defendant also offered oral testimony as to how many of the meetings before the commissioner were occupied in taking evidence and as to the value of the commissioner's services, which evidence was excluded over defendant's objection. The court overruled the motion to annul its allowance. Defendant appealed.

A preliminary question as to the pendency of this appeal is raised by respondent by the suggestion that it was taken out of time. The record shows that the appeal was taken on the fifth day of December, 1896. The judgment of allowance was made at the October term of the

APPEAL, pendency of.

circuit court of St. Louis, which term did not expire, as we know judicially, until the first Monday in December. The first Monday in December was the seventh day of that month, hence it is apparent the appeal was not taken after the lapse of the term during which the order appealed from was made.

It has been repeatedly held that costs of suit under our practice can be allowed, taxed, or collected, only by statutory warrant. *City of St. Louis v. Meintz*, 107 Mo. *loc. cit.* 615; *Thompson v. Elevator Company*, 77 Mo. 520; *Shed v. Railway*, 67 Mo. 687. They are divisible into two kinds: *First*, those within the purview of section 4980, Revised Statutes,

*COMPENSATION of commissioner, and allowance for stenographer: taxation of as costs: execution.*

1889, in relation to the issuance of fee bills accruing during the progress of the litigation. *Secondly*, those which are allowable by the court under the general statutes awarding costs to "the party prevailing" and providing for the issuance of execution therefor. R. S. 1889, sec. 2920–2946; *Hoover v. Railway*, 115 Mo. 77; *State v. Oliver*, 116 Mo. *loc. cit.* 191; *Dempsey v. Schawacker*, 62 Mo. App. 167; *Ring v. Paint and Glass Company*, 46 Mo. App. 374. In the latter class must fall all allowances not specifically permitted under the section authorizing fee bills for the services of named officers, jurors and witnesses. It therefore embraces taxation for incidental costs during the progress of the cause, as well as for services of referees and other persons not mentioned in the fee bill section. *Conroy v. Frost*, 38 Mo. App. *loc. cit.* 354; *Bosley v. Parle*, 35 Mo. App. 232. In the case under review the commissioner to take depositions was appointed under the amendment to the statutes adopted in 1885, embraced in section 4440 of the present revision. This act neither fixes the compensation of the officer empowered thereunder to take depositions, nor provides how or by

whom it shall be paid. It can not be intended that the duties imposed by an appointment under this statute should be gratuitously performed. It necessarily results that upon the rendition of such services the commissioner to take depositions is entitled to a reasonable compensation, which must be determined by the court appointing him, in view of all the facts and circumstances attending the performance of his duties. In making such allowance in the present case, the court should have assessed the proper amount for the services of the commissioner and his stenographer, the parties having agreed that the stenographer should be employed, and should have ordered the sum so fixed to be taxed as a part of the general cost, at the end of the litigation. It had no power to go further and order an execution against the defendant in advance of the final judgment in the cause, and its attempt so to do was clearly without jurisdiction. Neither do the facts shown in the report of the commissioner and the testimony heard and proffered on the motion to vacate the allowance to him, authorize any such sum as that fixed by the court. The allowance of $857.60 to the commissioner and his stenographer for fifty-two and one half hours services was grossly excessive. While we do not hold the allowance might not have been larger than that fixed by statute for justices of the peace or notaries for taking depositions, owing to the fact that additional duties are imposed upon the commissioner appointed under section 4440 of the Revised Statutes, 1889, yet we do hold that his allowance should not in any event have exceeded that given by statutes to referees, whose duties require a much larger share of care, skill, and ability. Within the limits furnished by these analogous employments, and in view of the circumstances and facts showing what was done by the commissioner and his stenographer in this case, the

court in the exercise of a just discretion should have fixed a reasonable compensation. Commissioners are not deprived of adequate protection by this ruling. If they choose to serve when appointed, they can take proper steps to secure their fees, either by stipulation between the parties, or by motion for security for costs. R. S. 1889, sec. 2916; *Trail v. Somerville*, 22 Mo. App. *loc. cit.* 313. The result is that the allowance in this case and order of execution therefor against defendant will be reversed and the cause remanded, to be disposed of in conformity with this opinion. It is so ordered. All concur.