SCHAWACKER v. McLAUGHLIN, *Appellant.*

Division One, May 25, 1897.

1. **Costs:** JUDGMENT AGAINST SURETY. Under the Missouri statute (R. S. 1889, sec. 2935) a surety for costs is practically a party as to the costs, and judgment may be rendered against him at the same time with his principal. No special finding or notice to the surety is necessary.

2. ——: LIABILITY AFTER AMENDMENT PLEADINGS. A surety for costs is liable for all costs which result from enlargements of the issues by amended pleadings, filed even after the surety signed the bond.

3. ——: COMPENSATION OF REFEREE. The compensation allowed to a referee by the court (under sec. 2158, R. S. 1889) is taxable as costs; and it is not essential that an express order to so tax the allowance be entered.

4. ———: AGREEMENT OF RECORD. Competent parties may, by agreement of record, make expenses taxable as costs which would not otherwise be so taxable.

5. ———: ———: AS AGAINST SURETY. The obligation of a surety for costs can not be enlarged without his consent. So the compensation of an unofficial stenographer is not taxable as against a surety for costs, although the litigating parties to the cause had stipulated that it might be treated as costs.

6. ———: APPORTIONMENT OF COSTS: DISCRETION OF COURT. Where there are several defenses or counterclaims the apportionment of costs is a matter of discretion in the trial court, and the ruling of the latter thereon will not be reversed, no abuse of discretion appearing.

7. ———: REVIEW OF ALLOWANCE: PRACTICE. An allowance to a referee can not be reviewed on a motion to retax costs filed at a term later than that at which the judgment in the case became final.

8. ———: PAYMENT IN ADVANCE. On a surety's motion to retax costs (in a cause tried before a referee) it is held immaterial whether or not the adverse party had paid a large part of the referee's compensation before the filing of his report.

9. Interpretation of Statute: PRIOR LAW. In interpreting a statute the change it makes in a prior law may be considered in getting at the intent of the statute.

10. ———: CONSTRUCTION OF STATUTE. Where a statute is construed by the court and such construction is well known, the construction thereby becomes a part of the statute on its re-enactment.

11. ———: INTENT AND LETTER. What is within the true intent and spirit of a statute is as much a part of it as its letter.

12. Appellate Practice: MATTERS OF FORM. It is the duty of the court on appeal to disregard mere matters of form not affecting the substance of the procedure.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

REVERSED AND REMANDED.

The statement of appellant, mentioned in the opinion of the first division, is substantially as follows (omitting references to the printed abstract of the record, and some commentary):

"This appeal arises out of the litigation and judgment in the case of *Dempsey v. Schawacker*, which is in this division of this court for review, case No. 7515, in which appellant is security for costs.

"Plaintiffs made a contract in October, 1886, with defendant, to build a stable for him for $8,369. When the work was nearly completed trouble arose; they abandoned the work. Defendant finished it. Eight subcontractors instituted lien suits to enforce their demands and recovered judgments, which defendant paid. Plaintiffs in September, 1887, sued for the balance due them, $2,743.12 (reasonable value, $10,855.34, less credits, $8,112.22). Defendant filed general denial at return term. Motion for costs was sustained. Defendant files motion for appointment of referee, which is sustained over plaintiffs' objections, who file bill of exceptions.

"Referee was appointed; cost bond in usual form given with appellant as bondsman; hearing begun by referee. Plaintiffs and defendant stipulate for employment and payment of stenographer to report testimony, and agree that the compensation shall be taxed as costs in the case. The hearing progresses. In February, 1889, defendant files an amended answer, renewing his general denial, and pleading in addition the written contract, abandonment thereof by plaintiffs, also four separate counterclaims: (1) for delay in finishing building beyond stipulated time; (2) for attorney's fee in defense of lien suits; (3) for amount paid to satisfy subcontractors' lien judgments, and (4) for amount required to finish building after plaintiffs abandoned contract; and also eight separate pleas of *res adjudicata*, the purpose of the latter being to restrict recovery by plaintiffs for labor and material to the several amounts adjudged due their eight subcontractors in their lien suits, which defendant had paid."

"Plaintiffs replied, admitting the contract and abandonment, but justifying because of defendant's unlawful interference with their workmen and method of construction, his refusal to pay installments of contract price when due, etc.

"Upon these enlarged issues the case proceeds further for over four years. On November 25, 1893, the referee files his report and the report of the evidence taken by him, the latter taking 1,648 typewritten pages. He finds that the defendant owes plaintiffs $8,837.97 and that plaintiffs owe defendant $12,480.21, and recommends judgment for defendant for the difference, $3,642.34. On the same day, without notice to plaintiffs or appellant, the court allows the referee $1,270 and the stenographer $1,073.25 for their services, but does not order the allowance taxed as costs. Plaintiffs file exceptions, which are held under advisement until April 23, 1894, when the court overruled them, and adjudged that the report be confirmed and that defendant have judgment as recommended. The court enters this order but adds" * * * "that defendant recover his costs of appellant as security for costs. Plaintiffs' motion for new trial is overruled, and they, without giving appeal bond, appeal. The clerk at a later term taxes the costs, which consists of clerk's, sheriff's, and witnesses' fees, and also the allowance to referee and stenographer. Execution is then issued against plaintiffs and appellant, who immediately files motion to retax on various grounds. Appellant at the hearing of his motion offered and read in evidence, without objection, all the court records and proceedings;" * * * "he proved that, although the referee was allowed $1,270 when he filed his report, plaintiffs had paid him $175 on account of his fee long before he filed his report; and he also offered to prove that defendant had, before the

filing of the report, paid the referee the balance of the amount allowed him by the court, after giving credit for the $175 paid by plaintiffs. This last evidence the court refused to hear. The point of payment of $175 was sustained, the others were overruled. Appellant excepted; his motion for rehearing was filed in due time; but was overruled; he excepted to that ruling, and appeals."

The judgment proper is as follows (after confirming the referee's report):

"And the court doth find from said report in favor of the defendant on plaintiffs' cause of action, and in favor of the defendant on his counterclaim in the sum of $3,733.39. It is therefore considered by the court that the plaintiffs take nothing by their suit in this behalf, that the defendant recover of the plaintiffs the sum aforesaid in his favor found, that the defendant recover of the plaintiffs and Luke McLaughlin and John Nolan, the sureties on the bond for costs herein, his costs and charges herein expended and that execution issue in conformity with this judgment."

The other material facts are mentioned in the opinion.

*H. A. Loevy* for appellant.

(1) At the time appellant became security for costs the issues were on plaintiffs' petition to recover reasonable value and defendant's general denial. Defendant is the obligee in the bond for costs. 28 Mo. 55. (2) By the filing of amended answer by leave of court after appellant became security for costs, his obligation was enlarged by the obligee or principal, and appellant was released from all liability. Brandt on Suretyship, sec. 94; *Bank v. Traube*, 75 Mo. 203; *James* case, 59 Mo. 280. (3) By the stipulation

of plaintiffs and defendant for employment of stenographer after appellant became surety for costs, and that her bill should be taxed as costs, his obligation to defendant as obligee was enlarged and he was likewise released from all obligation on the cost bond. *Shed* case, 67 Mo. 687; *Green* case, 40 Mo. App. 491; *Oliver* case, 116 Mo. 191; *Ring* case, 46 Mo. App. 377; *Meintz* case, 107 Mo. 615; *Conroy* case, 38 Mo. App. 351. (4) Appellant was at no time liable for any costs except those incurred under and by reason of the issues raised by the petition and defendant's direct defenses thereto, and never liable for those raised by defendant's independent and separate suits or cross-actions by way of counterclaims against plaintiffs and plaintiffs' defenses to those counterclaims, as his liability is only with reference to the case of *Dempsey v. Schawacker*, and has none to the subsequent case of *Schawacker v. Dempsey* instituted a year afterward by amended answer and counterclaims. R. S. 1889, sec. 8172. (5) The costs should have been apportioned between the parties because each recovered in part. R. S. 1889, secs. 2922 and 2923. (6) The referee had been paid all his fee by defendant before he filed his report, less $175 paid by plaintiffs, and the court erred in refusing to hear evidence in support of the point.

*W. B. Thompson* for respondent.

(1) The motion to retax the costs, upon which this appeal was taken, was filed out of time, and appellant is not entitled to have the action of the court below reviewed by this court. (2) The law is well settled that where plaintiff gives security for costs, and defendant prevails in the action, judgment may be rendered against plaintiff and his sureties at the

same time for costs. *McCartney's Adm'r et al. v. Alderson et al.*, 49 Mo. 456. (3) All of the pleadings and the appointment of the referee were matters of record at the time the cost bond was given by appellant, and appellant could and should have known at the time he signed. this cost bond that he was contracting with reference to the payment of all costs which had accrued or might accrue in the case of *Dempsey et al. v. Schawacker*, and that this would involve the costs incurred by reason of the issues raised on defendant's counterclaim, and plaintiffs' reply thereto, as well as plaintiffs' petition. (4) The stenographer's fees are part of the costs in the case, and were taxable as such, not only against plaintiffs, but also against the sureties on the cost bond, and the agreement signed by plaintiffs and defendant that the stenographer's fees were to be taxed as costs is not an enlargement, as claimed by appellant. *Trail v. Somerville*, 22 Mo. App. 1. (5) Section 2158 of the Revised Statutes of 1889 says: "Referees, in the absence of any special agreement, shall receive such compensation for their services as the court in which the case is pending may allow, not exceeding ten dollars per day." It is true, the statute does not add that these fees are to be taxed as costs in the case, but there can not be any doubt that that is the intent of the statute. *Trail v. Somerville*, 22 Mo. App. 10; *Conroy v. Frost*, 38 Mo. App. 354. (6) Under sections 2922 and 2923, it is left to the discretion of the court to award costs in certain cases, but the case of *Dempsey et al. v. Schawacker* does not come within the category of the cases mentioned in those sections, but it is left to the discretion of the court to award costs against either plaintiff or defendant. *Turner v. Johnson*, 95 Mo. 431; *Bobb v. Wolff*, 54 Mo. App. 520. In the case of *Dempsey et al. v. Schawacker*, judgment was given for defendant both

on plaintiffs' cause of action and on his counterclaim. He was entitled to recover his entire costs and charges. (7) It is immaterial in this case whether or not defendant had paid the referee part of his fee before the referee filed his report, and whether or not such payment was voluntary. The defendant under the judgment of the court is entitled to recover the costs of suit, including the referee's fees, less, of course, any amount which may have been paid to the referee by the plaintiffs.

BARCLAY, P. J.—This is an appeal from certain orders after judgment in the case of *Dempsey v. Schawacker* (1897) 140 Mo. —— (38 S. W. Rep. 954), touching various items of costs in that litigation. The appeal now before this division was taken by Mr. McLaughlin, a surety for costs for the original plaintiff's, the Dempsey brothers; and it involves the correctness of several rulings of the circuit court as to the extent of the surety's liability for costs. The principal facts on which those rulings were based are sufficiently shown by the appellant's statement before this division.

The appeal of the plaintiffs in the main case was without a stay of execution, so the defendant proceeded in due time to enforce the judgment pending that appeal. The clerk accordingly taxed against plaintiffs and their sureties the items of costs hereinafter referred to. The circuit court on a motion (filed on behalf of Mr. McLaughlin) to retax the costs, passed on the points we shall discuss in the course of this opinion; and, after making a slight correction (not now material) overruled the motion to retax. The surety then appealed, after saving exceptions.

The motion to retax was filed at a term subsequent to that at which the judgment in the original case became final.

The costs in dispute amount to more than $2,500.

1.   The judgment entry is said to be unauthorized by the findings of the court touching the matter of costs.   It is also said to be void as to the surety because without notice to him.   No special finding or notice as to the surety was necessary.   His liability grows out of his original undertaking, the judgment against the plaintiffs, and the statutes which define the force and effect thereof.   The section (now 2935) which provides for the entry of judgment against the surety for costs, "to the same extent as if the suit or proceeding had been instituted in his own name," was construed in 1855.   It was then held that a person who signed a bond for costs in an action becomes practically a party, so far as concerns the costs.   *Hamiltons v. Moody* (1855) 21 Mo. 79.   The undertaking is (to that extent) in the nature of a recognizance by force of the statutory law.   No personal notice to the surety before judgment is required.   He is considered to be in court.   The statute (as construed in the published report of the *Hamiltons* case) has since been re-enacted in the same terms.   The public and official construction of the statute was widely known, and by the re-enactment became a part of the statute.   *Handlin v. Morgan Co.* (1874) 57 Mo. 116.

It was held many years ago to be a settled proposition that a judgment as to costs against the surety for costs might be entered at the same time as the judgment against the principal.   *McCartney's Adm'r v. Alderson* (1872) 49 Mo. 456.   The intent of the statute on this point is made more clear by a glance at an earlier one, which required notice to the surety before the entry of judgment against him.   R. S. 1835, p. 131, sec. 31.   The substitution of the language found now in section 2935 for that of the older law indicates that the lawmakers designed to dispense with such notice.

When a party becomes surety in view of the now existing law, an entry of judgment for costs against him (along with his principal) involves no violation of any of his rights.

2.   A change merely of the issues in the pleadings, after the surety for costs has become bound by his agreement, does not release the surety, even as to those costs accruing after the amendments.   Though the issues are enlarged, yet if they are properly enlarged under the law, the surety for costs is not released thereby.   His undertaking recites an acknowledgment of indebtedness "for all the costs that have accrued or may accrue" in the action between the parties named. He comes into the cause as sponsor for the plaintiff as to costs; and "the cause" is a thing which the law permits to assume somewhat varied forms.   The liability of the surety for costs patiently follows along the lines of the lawful pleadings in his principal's case.   That is one of the consequences of the undertaking on which the surety embarks when he signs an obligation for costs.

3.   It is next contended that the allowance by the circuit court of compensation to the referee is not properly taxable as costs.   The statute declares that referees, in the absence of any special agreement, "shall receive such compensation for their services as the court in which the case is pending may allow, not exceeding ten dollars per day."   (R. S. 1889, sec. 2158).

This language does not literally say that the compensation of referees shall be taxed as costs.   But the court (authorized to make the allowance) is not provided by law with any official funds of its own for such expenses.   It is hence but a fair and natural inference that the law intends the allowance to be taxed as costs. *Trail v. Somerville* (1886) 22 Mo. App. 308.

What is within the true intent and spirit of a

statute is as much a part of it as its letter.  *Riddick v. Walsh* (1852) 15 Mo. 519;  *State ex rel. v. County Court* (1867) 41 Mo. 254;  *State ex rel. Ins. Co. v. King* (1869) 44 Mo. 283;  *State ex rel. v. Angert* (1895) 127 Mo. 462 (30 S. W. Rep. 118).

The court's allowance of compensation to the referee was not expressly ordered to be taxed as costs. It would, no doubt, be more regular to record such an order as part of the entry touching the allowance; but we regard the omission of such a direction as a mere matter of form to be disregarded on appeal in applying the principles laid down in sections 2117, 2100 (R. S. 1889). If we are right as to the effect of the statutory sanction to such an allowance, the implication as to its chargeability as costs applies also to the allowance itself.

4.  But the ruling of the court allowing compensation to the stenographer to be taxed against the surety can not be sustained.  Such an allowance is not legally chargeable as costs against an objecting surety. The stipulation of the original parties that the charge for such services should be taxed as costs was not joined in by the surety.  That stipulation is binding upon all competent parties who made it.  But it could not lawfully transform into taxable costs an item of outside expense, which the law does not recognize as costs.  The stenographer was not the official stenographer of the court, but one employed for the hearing before the referee for the convenience of the parties.  It is not claimed that there is any law warranting the taxing as costs of the stenographer's service before the referee.  But it is insisted that the stipulation of the parties to the cause is obligatory on the surety for costs.  The answer to that contention is that such expenses only become chargeable as costs by virtue of contract, and only those who join in the contract are bound thereby.

The obligation of a surety for costs can not properly be enlarged without his consent beyond the scope marked by the law. The stenographer's fee in the case before us is really no item of costs at all. But it may be treated as such between competent persons who agree on the record that it may be so treated. The allowance in this case is good as against those who stipulated to tax it as costs. But Mr. McLaughlin was not one of that number.

The learned circuit court was in error in finding against the surety on that item.

5. The apportionment of costs in cases where there are several defenses.or counterclaims is a matter within the discretionary purview of the trial court. *Turner v. Johnson* (1888) 95 Mo. 431 (7 S. W. Rep. 570). What has been submitted on that subject does not satisfy us that any abuse of discretion occurred in the rendition of judgment for costs against plaintiffs on the general result of the suit. So we find no ground of reversal on that account, in view of the provisions of sections 2922, 2923 (R. S. 1889) assuming (as appellant contends) that they apply to the facts of this appeal.

6. The appellant also complains of the rejection of an offer to prove that the defendant paid the greater part of the sum allowed the referee before the report was filed, and argues that such payment would be voluntary and not the subject of taxation as costs. The plaintiffs likewise paid a small part ($175) of the referee's compensation before the report was filed. For that payment they received due credit in the trial court's taxation of costs. As to the balance (for which plaintiffs and their sureties are liable under the judgment) it is immaterial on .this appeal whether or not the referee has received payment from defendant of the amount allowed for his services. The only ques-

Schawacker v. McLaughlin.

tion is, has it been paid by those adjudged liable, or for their account. The issue appellant sought to raise by the offer of proof was merely whether defendant or the referee should then receive the amount which plaintiffs or their sureties were bound to pay. But that was not a question appellant had the right to start at that time. The allowance to the referee was at an earlier term. The judgment in the main case had become final (so far as concerned the right to enforce it) since the appeal therefrom was without stay of execution. The evidence tendered by the surety, and excluded by the court, appeared to question the correctness of the allowance in favor of the referee, but it was too late for appellant to be heard as to that. A motion to retax costs, at a term after the judgment became final, could not properly be used to review the amount of a referee's fee allowed at an earlier term. It was also immaterial (so far as the plaintiffs and their sureties' rights were concerned) to whom the amount of that allowance should at last be properly paid. The record of the allowance to the referee was ample protection to plaintiffs and their sureties in paying the amount thereof, then unpaid by them. But to make this payment was their duty under the judgment. What thereafter was to become of the fund so paid (on account of the allowance) was a topic which appellant had no right to investigate at that time in the manner proposed by his offer of proof.

For the reasons given above we conclude that the ruling on the motion to retax costs should be reversed, and the cause remanded for a rehearing of that motion in conformity with this opinion. MACFARLANE, ROBINSON and BRACE, JJ., concur.