STATE *ex rel.* HARRIET URY, Respondent, v. JOSEPH S. GANS *et al.*, Appellants.

St. Louis Court of Appeals, December 21, 1897.

Taxation of Costs: DEPOSITIONS BY SPECIAL COMMISSIONER: STENOG-RAPHER'S FEES. A reasonable amount of allowance to a special commissioner for taking depositions filed in a cause, not less than what is fixed by statutes as the fees of justices and notaries, and not greater than the statutory compensation of referees, may be taxed as costs asainst the losing party. But no taxation of stenographer's fees can be made against such party, unless the stenographer has been employed by the consent of the parties or a stipulation has been made for his fees. *Watkins v. McDonald*, 70 Mo. App. 357.

*Appeal from the St. Louis City Circuit Court.*— HON. D. D. FISHER, Judge.

REVERSED AND REMANDED (*with directions*); Judge BLAND concurring, Judge BIGGS dissenting.

*Collins & Jamison* and *Sale & Sale* for appellants.

The depositions of Harriet Ury, Mrs. Erskine Mansfield, and Simon P. Shulz, were taken in this case in pursuance of the statute, and thereby became part of the costs of the case, and should have been taxed against plaintiff. R. S. 1889, secs. 4434, 4440, 8920, 2920, 2935; *Ex parte Livingston*, 12 Mo. App. 86, 87; *Ex parte Munford*, 57 Mo. 603; *Larimore v. Bobb*, 114 *Id.* 446; *Ex parte Priest*, 76 *Id.* 229; 1 McQuillan's Plead. and Prac., sec. 1004, p. 846; 6 Ency. Plead. and Prac., p. 635; *R'y v. Evanssich*, 61 Tex. 3.

*J. Hugo Grimm* for respondent.

As none of the examinations ever became effective as depositions, it was improper to tax the cost of their taking as though they had been used as depositions. *Hunter v. Oil Co.*, 28 Fed. Rep. 842; 2 Wood & M. (U. S. C. C.) 65, 75; *Lane v. Stone*, 11 Pick. 527; *Bosley v. Parle*, 35 Mo. App. 232.

The allowance and taxation of costs is a matter of statutory origin. The statutes must be strictly construed, and the party claiming costs must be able to put his finger on the statute authorizing their taxation. The burden of proof is on him. *Conroy v. Frost*, 38 Mo. App. 354; *Ring v. Paint Co.*, 46 *Id.* 377; *Miller v. Mugge*, 27 *Id.* 670.

There was no warrant for taxing as costs the amount paid the stenographer. Plaintiff did not agree that these fees might be taxed as costs. She was not even consulted about employing him. *Schawacker v. McLaughlin*, 40 S. W. Rep. 938.

The act authorizing the appointment of a special commissioner (R. S. 1889, sec. 4440) does not fix his compensation, nor provide how or by whom he shall be paid. *Shed v. R'y*, 67 Mo. 687.

BOND, J.—This action is upon an indemnity bond to recover the value of certain property claimed by relator in an attachment brought by the defendants against third parties. After issue joined defendants took the deposition of plaintiff and two other witnesses, a special commissioner having been appointed for that purpose. On the trial the deposition of plaintiff alone was introduced in evidence. It is conceded that all the deponents were residents of the city of St. Louis, in good health, and not expecting to leave the city, and amenable to the process of the courts. At

the conclusion of the evidence plaintiff took a voluntary nonsuit. The clerk taxed against her the costs of the three depositions, embracing the fees of the special·commissioner and the stenographer, amounting to $74.40, which she paid under protest, and moved the court to retax this cost, which motion was sustained and the cost ordered taxed against defendants, and the amount refunded to plaintiff which had been paid by her to the sheriff. Defendants have appealed.

The depositions taken in this case were not used as evidence on the trial, beyond the reading of the deposition of plaintiff as an admission on TAXATION of costs: depositions by special commissioner: stenographer's fees. her part. R. S. 1889, sec. 4461; *Bogie v. Nolan*, 96 Mo. 85. Still, they were legally taken by a special commissioner appointed at the instance of plaintiff, under the power given to suitors by the terms of the statute. R. S. 1889, secs. 4434–4440. The depositions thus taken and filed in the cause became the common property of the adversary litigants, and might have been used by either party, if the statutory conditions, entitling them to be read, arose. *Watson v. Race*, 46 Mo. App. *loc. cit.* 552; R. S. 1889, sec. 4461. There is no evidence that the depositions were immaterial to the issues or that they were taken to oppress the plaintiff by increasing the costs. We have recently ruled that the costs of taking depositions filed in the cause by a special commissioner, were taxable under sections 2920 and 2946. *Watkins v. McDonald*, 70 Mo. App. 357. The amount to be allowed such commissioner to be a reasonable one, under the facts and circumstances attending the performance of his duties, but not less than the sum fixed by statute as the fees of justices of the peace and notaries for taking depositions, and not greater than the statutory compensation of referees. To this extent the trial court should have taxed the

costs of taking the depositions in question against the losing party, but no taxation of stenographer's fees should have been made against such party, since the record wholly fails to show that a stenographer was employed by consent of parties or that any stipulation as to his fees was made, and the statute does not otherwise warrant any allowance for costs of a stenographer. The judgment herein will be reversed and the cause remanded with directions to tax the costs in conformity with this opinion. Judge BLAND concurs; Judge BIGGS dissents.