PHILIP M. MANNING, Appellant, v. THE STANDARD THEATRE, Defendant, E. T. FARISH and JAMES T. ROBERTS, Respondents.

St. Louis Court of Appeals, March 27, 1900.

1. **Commissioner to Take Depositions: COMPENSATION FOR: TAXATION OF, WITH COSTS.** The compensation of a special commissioner to take depositions ought not to exceed the fees allowed a referee, to wit, ten dollars per day.

2. ———: **STENOGRAPHER: NOT ENTITLED TO COMPENSATION.** The allowance to Roberts as a stenographer was without warrant of law as he owed his employment to Farish, the commissioner, and must look to him for his pay.

3. ———: ———: **COURT'S JUDGMENT.** The judgment is that, if Farish will refund the ten dollars of the amount received by him, and Roberts the six dollars, the judgment will be affirmed for the balance, otherwise it will be reversed and cause remanded.

Appeal from the St. Louis City Circuit Court.—*Hon. Daniel Dillon, Judge.*

AFFIRMED *si.*

*M. Kinealy* and *Jas. R. Kinealy,* for appellant.

(1) An officer of the court can not have an execution for his fees. Hoover v. Railroad, 115 Mo. 77; 2 R. S.

1889, sec. 4980. (2) The commissioner is only entitled to the usual fees allowed justices of the peace. 2 R. S. 1889, sec. 4980; Ring v. Vogel, P. & G. Co., 46 Mo. App. 374; St. Louis v. Meintz, 107 Mo. 611. (3) His demand was illegal. State v. Vasel, 47 Mo. 416-417. (4) There is no authority for taxing the reporter's charge as costs. Re Hurd, 31 Abb. N. Cas. 109.

*E. T. Farish* and *J. T. Roberts* parties pleading.

(1) It appearing that the execution for costs had been paid, whether or not the same was illegally or improvidently issued, became immaterial, and therefore the court did not do the vain and useless thing of recalling it. (2) And the only remaining matter involved in the motion was whether the allowances to the commissioner and the stenographer were illegal or excessive, and the court having found from the evidence submitted that such allowances were reasonable and fair, and authorized by law, overruled the plaintiff's motion to retax the costs in that respect. (3) So that the only matter before the court is whether or not the commissioner was entitled to $20 for his services; and whether the stenographer was entitled to $20.85 for the services that he rendered at the instance and under the employment of the plaintiff. And as this matter has been so recently adjudicated by the court of appeals, where all the law on the subject is cited, we do not deem it necessary to go further in this matter, and therefore reproduce here the opinion of said court. In the case of Watkins v. McDonald, 70 Mo. App. 357, after reviewing the facts in the case which were substantially: The appointment of the commissioner to take the depositions, the employment of the stenographer by consent of parties, the allowance of the commissioner's and stenographer's fees by the lower court, the court of appeals in its opinion says: "It has been repeatedly held that costs of

suit under our practice can be allowed, taxed or collected only by statutory warrant."    City v. Meints, 107 Mo. 615.

*T. J. Rowe* for defendants.

(1)    The defendants, The Standard Theatre Co., and Edward Butler have no interest directly or indirectly in the proceedings herein and make this statement of the case solely and only for the purpose of calling this court's attention to the fact that they are not responsible for the taxation of any costs in favor of Farish and Roberts and that they are not liable for said costs and that they can not be liable for any costs that may accrue by reason of this appeal.    (2)    Therefore they ask this court in the event of a reversal of the judgment or order herein appealed from that no costs be awarded against them.    The real parties in interest in this controversy are Philip M. Manning the plaintiff, E. T. Farish special commissioner and James T. Roberts stenographer.

BIGGS, J.—The plaintiff gave notice to take depositions in the above cause.    On application of defendant, E. T. Farish was appointed special commissioner to take the depositions.    He performed that duty.    In taking the depositions he availed himself of the services of James T. Roberts, who is a stenographer. ·   Subsequently the plaintiff took a nonsuit and thereupon Farish and Roberts made application to the court for allowances for their services to be taxed as costs in the case.    Farish was allowed twenty dollars, and Roberts was allowed fourteen and eighty-five one hundredths dollars for transcribing his notes, and six dollars for three hours attendance in taking the depositions.    The court immediately ordered an execution against the plaintiff.    Subsequently the plaintiff appeared and moved the court to vacate the orders of allowance and recall the execution, for the reasons that the allowances were unauthorized and excessive. In the meantime the plaintiff had been compelled by the

sheriff to satisfy the execution. The circuit court overruled the motion to vacate, and the plaintiff has appealed.

The question of the proper fees of a commissioner to take depositions was before us in the case of Watkins v. McDonald, 70 Mo. App. 357. We held in that case that his compensation was not to be limited by the fees fixed by the statute for like services rendered by a notary public or a justice of the peace, neither ought it to exceed the fees allowed a referee, to wit, ten dollars per day, and that in determining the question in a given case the limits furnished by these analogous employments should govern. We are not disposed to recede from this rule, although the matter is not free of difficulty under the decisions. We therefore conclude that the compensation of Mr. Farish for attendance in taking the depositions should not have exceeded ten dollars, as it is admitted that he was engaged for one day, and then only for a few hours. The allowance to Roberts as a stenographer was without warrant of law. This question was so decided by the supreme court in Schawacker v. McLaughlin, 139 Mo. 333 in a reference case. However, Farish was entitled to charge in addition to the amount above specified, fifteen cents a hundred words for writing out the deposition, which would amount to $14.85. This amount would have been allowed him, and the application of Roberts ought to have been dismissed. He owed his employment to Farish and he ought to look to him for his pay. But the order as made to the extent of $14.85 is not prejudicial to the plaintiff. It could make no difference to plaintiff whether the amount was taxed in favor of Farish or Roberts. Our judgment is that if Farish will refund ten dollars of the amount received by him, and Roberts will refund six dollars of the amount received by him, the judgment will be affirmed for the residue. Otherwise the judgment will be reversed and the cause remanded, and the costs of the appeal taxed against Farish and Roberts. All concur.