MARY E. CURTIS, Appellant, v. STIX, BAER & FULLER DRY GOODS COMPANY. Respondent.

St. Louis Court of Appeals, December 31, 1913.

1. **NONSUITS: Depositions: Right to Require Witness to Sign: Effect of Dismissal of Cause.** After the dismissal of a case, the court has no power to enforce an order on a witness whose deposition had been taken, to show cause why he should not be required to sign the same.

2. **DEPOSITIONS: Right to Take: Statute: "Conditionally."** The word "conditionally" in Sec. 6384, R. S. 1909, providing that any party to a suit pending in any court in the State may obtain the deposition of any witness, to be used in such suit,

conditionally, relates to the use of depositions, and not to the right to take them.

3. ———: ———: **Time of Taking.** Under Sec. 6384, R. S. 1909, and the other statutes relating to the taking of depositions, depositions may be taken after a suit is instituted and before the issues are made up.

4. ———: **Costs.** The cost of taking depositions, as authorized by Sec. 6384, R. S. 1909, and cognate statutes, may be taxed against the losing party.

5. **APPELLATE PRACTICE: Conclusiveness of Finding.** A finding by the trial court on conflicting evidence is conclusive, on appeal.

6. **DEPOSITIONS: Costs: Transcription: Statute.** Under Sec. 6403, R. S. 1909, providing that the examination of a witness whose deposition is taken shall be reduced to writing or taken in shorthand and transcribed in writing in the presence of the person or officer before whom it is taken, the cost of reducing a deposition to writing or of transcribing the shorthand notes may be taxed as costs in the suit.

7. **STATUTES: Construction.** That which is within the true intent and spirit of a statute is as much a part of it as its letter.

8. **DEPOSITIONS: Costs: Transcription: Agreement of Counsel.** Where plaintiff's counsel, in accepting service of a notice to take depositions, stipulated that they might be taken in shorthand and transcribed, it was proper (even aside from Sec. 6403, R. S. 1909, authorizing such taxation) to tax the cost of transcribing the shorthand notes against plaintiff, who subsequently dismissed the suit.

9. ———: ———: **Estoppel.** Where, in pursuance of a conspiracy between plaintiff and witnesses whose depositions were taken by defendant, the witnesses refused to sign their depositions, whereupon the court made an order to show cause why they should not sign them, but, before the return day thereof, plaintiff dismissed the suit, depriving the court of power to proceed under the order, the fact that the depositions were not signed and filed did not prevent the taxation of the costs thereof against plaintiff; he being estopped by his actions from complaining on that score.

10. ———: ———: **Estoppel.** Where, in pursuance of a conspiracy between plaintiff and witnesses whose depositions were taken by defendant, plaintiff evaded service of a subpoena to give her deposition, the entire costs of the depositions of such witnesses were taxable against plaintiff, upon her

subsequent dismissal of the suit, although a part of the exam-ination of the witnesses was devoted to the ascertainment of plaintiff's whereabouts.

11. ———: **Right to Take Deposition of Adverse Party.** The mere fact that a defendant desires the deposition of the plaintiff to aid in preparing his defense is not enough to defeat the right to take it, under Secs. 6356 and 6361, R. S. 1909, provided it appears that it is taken in good faith for a legitimate use—that is, for actual use at the trial.

12. **ESTOPPEL: Taking Advantage of Own Wrong.** A party may not avail himself of the benefits ensuing from his own wrong.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

AFFIRMED.

*Chas. J. Macauley* and *Harry H. Haeussler* for appellant.

(1) At common law no costs were allowed. The right thereto can exist only when provided by statute. And it is a well-established rule of law that such statutes are to be strictly construed against the party claiming under them. Shed v. Railroad, 67 Mo. 687; In Re Green, 40 Mo. App. 491; Baldwin v. Bulware, 82 Mo. App. 324; Jackson County v. Stone, 168 Mo. 577; Watkins v. McDonald, 70 Mo. App. 357; Conroy v. Frost, 38 Mo. App. 351. (2) The fees of a stenographer for taking down and transcribing evidence given at the taking of depositions are not legally chargeable as costs in a case. Schawacker v. McLaughlin, 139 Mo. 333; Manning v. Roberts, 83 Mo. App. 627. (3) The respondent did not take the depositions referred to in its motion to tax as cost the expense of taking depositions for the purpose of using them as evidence in the trial of the case, but, as stated in their said motion and by counsel for defendant, for the purpose of preparing its defense to the said suit, and for the further purpose of ascertaining the where-

abouts of plaintiff. The expense of taking them was not properly taxable as costs in the case, and the court erred in sustaining defendant's said motion, and in overruling plaintiff's motion for rehearing and new trial. (4) The only legitimate purpose for which the deposition of a party to a suit may be taken is that it may be used at the trial of the case. Tyson v. Savings & Loan Ass'n., 156 Mo. 588. (5) The depositions in the case at bar were never signed by the witnesses, never filed in the case, and never used as evidence in the trial of the case. Therefore the court erred in taxing the cost of taking them as costs in the case. (6) There never was any agreement between the parties to this suit that the depositions might be taken in shorthand and then transcribed. And there was no agreement that the expense of taking the depositions, or the expense of transcribing the testimony might be taxed as costs in the case. The court therefore erred in sustaining said motion. State ex rel. v. Gans, 72 Mo. App. 638; Watkins v. McDonald, 70 Mo. App. 357.

*Eliot, Chaplin, Blayney & Bedal* for respondent.

(1) Any party to a suit pending in any court in this State may obtain the deposition of any witness, to be used in such suit, conditionally. R. S. 1909, sec. 6384. (2) The testimony of a witness may be taken in shorthand and transcribed (R. S. 1909, sec. 6403), and when so taken the reasonable cost of the taking of the shorthand notes and transcribing of them may be taxed. (3) Any party to a civil action may compel any adverse party to testify as a witness in his behalf, in the same manner and subject to the same rules as other witnesses (R. S. 1909, sec. 6356) and if he refuses to testify either in court or before any person authorized to take his deposition his petition, etc., may be rejected. R. S. 1909, sec. 6361. (4) Upon the

plaintiff dismissing his suit, the defendant shall re-
cover against the plaintiff his costs. R. S. 1909, sec.
2275. Where a cause is dismissed for want of jurisdic-
tion the court still has authority to render judgment
against plaintiff for costs. Ensworth v. Curd, 68 Mo.
282; State v. Thompson, 81 Mo. 163. (5) Even before
the amendment of 1907 of Sec. 6403, R. S. 1909, permit-
ting depositions to be taken in shorthand and tran-
scribed it was the law that when by agreement a sten-
ographer was employed his fee could be taxed as costs.
Watkins v. McDonald, 70 Mo. App. 357; State ex rel.
v. Gans, 72 Mo. App. 638. (6) A party who is brought
into court to answer the claim of another may not be
compelled to take all risks of losing the testimony in
his behalf before it may be made available in the trial,
but may provide against the uncertainties of life,
health and permanency of residence by obtaining the
depositions of his witnesses while it is certainly within
his reach, and such depositions are taxable though not
used. Ex parte Livingston, 12 Mo. App. 80; State ex
rel. v. Gans, 72 Mo. App. 638. (7) After a party to a
cause, who knows that witnesses whose depositions
have been taken are refusing to read and sign same,
and an order has been made on them to show cause
why they should not sign them, and who knows that
the depositions cannot be filed until signed, by his
voluntary act of dismissing the case prevents the fur-
ther operation of the order to show cause, such party
will not be heard to say that the depositions were not
signed nor filed and hence cannot be taxed as costs.

NORTONI, J.—Plaintiff appeals from a judg-
ment of the court taxing the costs of certain deposi-
tions against her. It appears she instituted her suit
against, and the depositions were taken by, defendant
therein. The depositions were neither signed by the
witnesses nor filed with the clerk at the time plaintiff
dismissed her suit, and the principal question for con-

sideration relates to the action of the court in adjudging the costs therefor against plaintiff. In giving judgment for defendant, touching this question, it is obvious the court proceeded in the view that the depositions were not signed and filed because of the wrong of plaintiff, in that she had conspired and co-operated with the witnesses to prevent such signing and filing, and finally dismissed her suit to accomplish that end.

Plaintiff instituted her suit on May 12, seeking damages for an alleged false arrest. In her petition, it is averred that she had been taken into custody by the agent of defendant corporation on the sidewalk in front of defendant's store and detained in its office for a period of three hours and then taken by defendant's agent to the home of one of her daughters and then taken to the home of another daughter and finally released.

On May 17, defendant served Mr. Macauley, plaintiff's counsel, with a notice to take depositions on May 22. Plaintiff's counsel accepted service of the notice to take depositions by an indorsement thereon which recited, too, that the depositions were to be taken in shorthand and transcribed. Though it appears the notary issued subpoenas addressed to plaintiff and her two daughters, Mrs. Philip Smith and Mrs. William McGary, and her two sons-in-law, Mr. Smith and Mr. McGary, to appear and testify on the twenty-second, these were not served immediately, for the reason the witnesses could not be found. On the hearing of the motion to tax the costs of the depositions against plaintiff, it was shown in evidence that plaintiff's daughters, Mrs. Smith and Mrs. McGary, purposely evaded service of the subpoenas, and to this end both of them left their homes in the city and spent one night at the Terminal Hotel in St. Louis. It appears that plaintiff's counsel informed her that the depositions were to be taken in the case, but did not suggest that the parties evade service of the subpoe-

nas. Before the subpoena was served on plaintiff, she departed from St. Louis and her son-in-law and daughter, Mrs. McGary, accompanied her to the station, where she boarded a train for Chicago. Mrs. Smith and Mrs. McGary, daughters of plaintiff, and their husbands were finally served with subpoenas and testified before the notary, Mooney, who took the evidence in shorthand and afterwards transcribed it. The evidence of these witnesses is addressed to the allegations of plaintiff's petition in part, and some of the examination of each of them pertains to the whereabouts of plaintiff for whom a subpoena had been issued as well. Defendant sought to take the deposition of plaintiff, but, as before said, she had departed from the city immediately after the notice to take depositions was given, and the evidence affords a strong inference that it was about the same time her two daughters were spending the night at the Terminal Hotel under assumed names. The witnesses all disclaim in their depositions knowledge of the whereabouts of plaintiff, and the daughter, Mrs. McGary, said she did not know nor care where her mother was, nor how long she would be away. Mrs. Smith, the other daughter, disclaimed knowledge of the whereabouts of her mother, although she admitted she had received a letter from her, but said she did not know where it was written or posted or postmarked and said that she had destroyed the letter.

There is evidence tending to prove these depositions were taken in good faith on the part of defendant, for the purpose of using them in the case, and there is evidence, too, on the part of plaintiff tending to prove the contrary. However this may be, the court found the issue for defendant on the evidence, and taxed the costs of the depositions against plaintiff as though they were taken in good faith and to be used in the case. This being true, we will treat the matter of defendant's good faith as concluded here by the finding of

the trial court on the facts before it. In view of the fact that plaintiff had left the city after the subpoena for her was issued, and in view of the other facts developed in the depositions of her daughters and members of her family that they had concealed themselves about the same time to prevent the service of subpoenas, defendant filed a motion in court to be relieved from pleading to plaintiff's petition until plaintiff disclosed her whereabouts and submitted to the taking of her deposition in the case. This motion plaintiff's counsel resisted as frivolous and moved the court to strike it from the files.

During the interim and by June 9, Mr. Mooney, the notary, had transcribed the depositions from his shorthand notes. One of the witnesses, Mrs. McGary, had been excused by the notary to a day certain to appear and sign her deposition, but failed to obey the order of the notary to that effect. Thereupon the notary mailed letters to the several witnesses to come to his office to sign the depositions, but none of them heeded the request. Thereafter, he addressed the witnesses again to the same effect by registered mail and requested them to appear and sign the depositions and this request was ignored. Then the notary telephoned Mrs. Smith and Mrs. McGary and Mr. Smith and they refused to accede to his request. Thereafter, the notary called at Mrs. McGary's home with a view of presenting her deposition for signature, but he was refused admittance thereto. Upon these facts being reported by the notary to defendant's counsel, a motion was filed on behalf of defendant for an order of the court upon the several witnesses to appear and show cause why they should not sign their depositions theretofore given and taken in shorthand. The motion of defendant to be excused from pleading until plaintiff submitted to the taking of her deposition and its motion for an order on the witnesses to show cause why they would not appear and sign their depositions

were considered together by the court and on this hearing the facts were fully stated before it. The court, after being fully advised in the premises, made an order on the witnesses to show cause and this order was placed for service in the hands of the sheriff. Thereafter, on the same day, the court indicated, without entering an order to that effect, that it would sustain defendant's motion to be relieved from pleading to the petition until plaintiff disclosed her whereabouts so that defendant might take her deposition. Upon the court thus signifying its intention in that behalf, though before an order to that effect was made, plaintiff voluntarily dismissed her case. Of course, when the case was dismissed the power of the court to enforce the order on the witnesses to show cause why the depositions should not be signed, preparatory to filing, abated and the depositions were neither signed nor filed. Thereupon defendant moved the court to tax the cost of the depositions against plaintiff, and on this motion the facts above stated were fully developed in evidence taken and made to appear. After being fully advised in the matter and on a hearing of the evidence, detailing the course of conduct pursued throughout, the court gave judgment in favor of defendant and against plaintiff, to the effect that the usual costs entailed in the matter of taking the depositions, including that of the notary for transcribing them, be taxed against plaintiff. It is from this judgment of the court the appeal is prosecuted by plaintiff.

The statute (Sec. 6384, R. S. 1909) provides that any party to a suit pending in any court in this State may obtain the deposition of any witness, to be used in such suit, conditionally. It has been heretofore determined that the word "conditionally," thus employed in the statute, relates to the use of the depositions and not to the right to take them. Under this section and the other statutes relating to the taking of depositions, it is said the depositions of witnesses may

be had after suit is instituted and before the issues are made up, for it is the right of a party to provide against the uncertainties of life and the health of the witnesses or the permanency of their residence by obtaining the evidence while it is certainly within his reach. [Ex Parte Livingston, 12 Mo. App. 80.] Moreover, the proper costs of taking such depositions may be taxed by the court against the losing party in the suit. [See State ex rel. Ury v. Gans, 72 Mo. App. 638.] But though such be true, it is argued plaintiff should not be charged with the costs of taking the depositions, for it is said they were not taken in good faith with a view of using them in the trial of the case but rather to merely enable defendant to prepare its defense. It is true there is evidence tending to sustain this view but there is substantial evidence *contra* thereto as well, and the witnesses appear to have been examined with respect to the facts set forth in plaintiff's petition. It is entirely clear that had any of these witnesses died, or, after the taking of their depositions, removed from the jurisdiction of the court, or were not available at the trial, the depositions so taken would have been competent in evidence. By giving judgment for defendant on the evidence before it, the court manifestly found the depositions were taken in good faith on its part with a view of using them on the trial, and this matter of fact may not be reviewed here.

But it is argued, though such be true, the court erred in adjudging the costs of transcribing the depositions from the shorthand notes against plaintiff, and cases are cited which would sustain this argument if the statute continued as of old and no agreement on the part of plaintiff with respect to that matter appeared. Formerly the statute authorized no more than that the examination of the witnesses should be reduced to writing, but this was amended in 1907, as will appear by Laws of 1907, p. 253. The present

statute—that is, as amended—is section 6403, Revised Statutes, 1909. This statute concerning depositions provides that the witness shall be sworn or affirmed to testify the whole truth, and his examination shall be reduced to writing, or taken in shorthand and transcribed, in writing, in the presence of the person or officer before whom the same shall be taken. It appears here that the notary who took the depositions was also a stenographer. He took them in shorthand and transcribed them thereafter as the statute expressly authorized him to do.

Obviously this statute authorizes the cost for transcribing depositions from shorthand notes as clearly as it authorizes the cost for reducing them to writing in longhand. Under the old law there was no question of the right to tax as costs the expense of writing the depositions in longhand. Though it be that the statute does not in express terms say that the costs of reducing the depositions to writing or of transcribing the shorthand notes may be taxed as costs in the case, such is obviously within its intendment. That which is within the true intent and spirit of a statute is as much a part of it as its letter. The Supreme Court so ruled the question of taxing the costs of a referee under a statute equally indefinite through declaring its intendment, as will appear by reference to the case of Schawacker v. McLaughlin, 139 Mo. 333, 342, 343, 40 S. W. 935.

Moreover, plaintiff's counsel, in accepting service of the notice to take depositions, affixed his signature to a stipulation thereon to the effect that ''These depositions may be taken in shorthand and transcribed.'' The indorsement on the notice, together with the signature of plaintiff's counsel and the date is as follows: ''Service of the above notice is hereby acknowledged, and issue of *dedimus,* and all exceptions as to time waived. These depositions may be taken in shorthand and transcribed. May 17, 1911.

Charles J. Macauley, Attorney for plaintiff.'' It is true counsel testified on the hearing that he signed this only through courtesy and without any intention to agree that the depositions should be transcribed. But this avails naught against the express stipulation under which the depositions were taken and into which he entered touching the matter, for it will not do to say lawyers do not know what they are about in such matters. Such agreement appearing as it does, it is proper for the court to tax the costs of transcribing the notes against the losing party, even aside from the statute above quoted. The point has been expressly decided. [See Watkins v. McDonald, 70 Mo. App. 357; State ex rel. Ury v. Gans, 72 Mo. App. 638.]

But it is argued, though such be true, the court erred in taxing the costs of the depositions against plaintiff because they were not filed in the case. From the evidence introduced on the hearing, it abundantly appears that the depositions were not filed because the witnesses refused to sign them. The notary made several efforts, as above detailed, to the end of obtaining their signatures, and finally defendant was compelled to move the court for an order on the witnesses to show cause why they did not sign the depositions they had given. Upon this motion being sustained and a copy of the order placed in the hands of the sheriff, plaintiff dismissed her cause and thus defeated defendant in its purpose to obtain the filing of the depositions. It is defendant's theory, and the evidence amply supports it, that the plaintiff and the witnesses, who had given depositions, the daughters and sons-in-law of plaintiff, had conspired and confederated to thwart the purpose pursued to acquire their depositions for use in the case. It is clear enough the court so found the fact to be and no one can doubt that plaintiff is estopped from complaining on this score, because of the fact of such wrongful conspiracy to which plaintiff was a party.

But it is said plaintiff ought not to be required to pay the costs of so much of the depositions as is devoted to the ascertainment of the whereabouts of plaintiff. It is true a portion of the examination of the witnesses is devoted to this matter, but the evidence with great force suggests a conspiracy on the part of plaintiff and her daughters and their husbands to defeat the right of defendant to take plaintiff's depositions. As before said, notice to take plaintiff's deposition was duly given and a subpoena issued and she immediately before service departed from St. Louis. Her two daughters about the same evening left their homes and spent the night at the Terminal Hotel under assumed names with a view of evading service of the subpoenas. One of the sons-in-law and his wife accompanied plaintiff to the train and assisted her in boarding it for Chicago. Defendant was at a loss to locate her whereabouts and certainly had a right to examine the members of her family touching the same. Section 6356, Revised Statutes 1909, provides that any party to a civil action may compel an adverse party to testify as a witness in his behalf in the same manner and subject to the same rules as other witnesses. And section 6361, Revised Statutes 1909 provides that if an adverse party on being duly summoned refuses to attend and testify either in court or before any person authorized to take his deposition, besides being punished himself as for a contempt, his petition, answer or reply may be rejected, or a motion, if made by himself, overruled, or, if made by the adverse party, sustained. No one can doubt that under these statutes defendant had the right to take the deposition of plaintiff for the legitimate purpose of use at the trial, and the court evidently found such was the purpose of defendant. [See Tyson v. Farm, etc., Assn., 156 Mo. 588, 57 S. W. 740; Matthews v. Mo. Pac. R. Co., 142 Mo. 645, 44 S. W. 802.] The mere fact that defendant desired the depositions to aid it in preparing its de-

fense to the case, as is usually true, is not enough to defeat the right to take the deposition of the adverse party, provided it appears, too, that such deposition is taken in good faith for a legitimate use—that is, to actually use it in the trial of the case. The evidence amply supports the judgment to the effect that defendant was acting in good faith throughout and intended to use the deposition of plaintiff at the trial of the case, and it supports, too, the theory advanced that plaintiff and her daughters had conspired to thwart defendant of its right sought to be exercised for a legitimate and proper purpose. That plaintiff may not avail herself of benefits ensuing from her own wrong is a maxim of high import in the law, which, as appears from the history of our jurisprudence, universally entails a just result. On this it would seem the principle of estoppel again interposes and precludes her right to complain with respect to so much of the depositions as were directed toward disclosing her whereabouts, for, as before said, it appears she had wrongfully conspired with the other witnesses, members of her family, to defeat defendant in the exercise of its lawful right in the premises.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.