### JESSE STEDMAN v. EPHRAIM INGRAHAM.

One who has recognized for costs in a suit cannot, after judgment has been rendered against his principal and *scire facias* has been brought upon the recognizance, defend against the *scire facias* by showing an irregularity in obtaining the judgment against the principal.

SCIRE FACIAS upon a recognizance by the defendant for costs in a suit in favor of Herrick Ingraham against this plaintiff,—judgment by nonsuit being averred to have been rendered in that suit. The defendant pleaded *nil debet*, and also pleaded, that Herrick Ingraham died during the pendency of the former suit, that H. E. Stoughton was appointed his administrator, that the administrator neglected to enter and prosecute the suit, and was cited, after two terms had elapsed, to prosecute the suit, and that, the administrator neglecting then to appear, the judgment of nonsuit was obtained. To these pleas the plaintiff demurred.

The county court, November Term, 1848,—KELLOGG, J., presiding,—adjudged the pleas insufficient. Exceptions by defendant.

*L. Adams* for plaintiff.

*H. E. Stoughton* for defendant.

The opinion of the court was delivered by

REDFIELD, J. The facts material to the determination of the present case are, that one Herrick Ingraham brought a suit against the plaintiff, for the prosecution of which the defendant became recognized. Herrick Ingraham died, and H. E. Stoughton was appointed his administrator,—and after two terms had elapsed, the plaintiff caused Stoughton to be cited to prosecute the suit. He made no appearance and the county court gave judgment against the estate, as of nonsuit.

The only question is, whether that judgment is to be regarded as so irregular, that it may be avoided by the conusor, by plea. Not to intimate any opinion, how far the administrator might have de-

fended against the proceeding,—which is, in our opinion, somewhat questionable,—we feel no hesitation in saying, that the judgment, while it remains in force, must conclude every defence of this character. The defendant is to be regarded as so far privy to the judgment, that he cannot be allowed to attack it in this collateral manner.                                    Judgment affirmed.