Hamiltons *v.* Moody.

———•◦◦•———

HAMILTONS, Appellants, *vs.* MOODY, Respondent.

1. The supreme court will not interfere with the discretion exercised by the inferior court in discharging a jury in a civil case after deliberation and failure to agree.
2. The sickness of a witness residing in another state is no ground for a continuance, no efforts having been made to take his deposition.
3. Judgment for costs is properly entered against the security in the bond of a non-resident plaintiff who is nonsuited.

*Appeal from St. Louis Law Commissioner's Court.*

Action for the specific recovery of personal property. The record shows that a trial was had before a jury, who retired to consider of their verdict, and after an absence of about fifteen minutes, returned into court and reported that they could not agree, and that there was no possibility of their agreeing, whereupon they were discharged by the court, and the cause continued. When the case was called for trial at the next term, the plaintiffs moved for a continuance, and in support of their motion, filed an affidavit that two material witnesses, residing in Illinois, who had faithfully promised to be present at the trial, had been detained by sickness, which alone prevented their attendance. The motion for a continuance was overruled, whereupon the plaintiffs submitted to a nonsuit. Judgment for the costs was entered against the plaintiff and against his security in the bond for costs, he being a non-resident.

*Spies & Weer*, for appellants.

*Cline & Jamison*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

1. The questions in this record involve the proper exercise of discretion by the court below. It appears that at the first trial, the jury, after being out some short time, came into court and said that they were unable to agree upon a verdict ; whereupon, the law commissioner discharged them and continued the case. The appellants, who were the plaintiffs below, complain of this act as improper. This court has no remedy for such an act. What can we do with it? It rests in the discretion of the court below. There is where the power to do such acts resides, and there let it remain. We will not lend a willing ear to complaints against courts, where the acts complained of are obviously within the mere discretion of the court. We suppose the law commissioner had good reason to think he was doing right. He could tell from the jury before him whether there was any probability of their agreeing to a verdict or not. If there was none, what harm was done in discharging the jury an hour later or an hour sooner?

2. At the next trial day, the plaintiffs moved for a continuance, and assigned as a reason therefor, the absence of two persons whose testimony, if it could be had, would be very material to the plaintiffs. These persons resided in the state of Illinois. The plaintiffs had seen them and obtained their promise to attend the trial, but the sickness of these persons and of their families prevented them from coming to the trial at the appointed time. The court refused to continue the cause on account of the absence of these persons.

We cannot consider this refusal an improper exercise of discretion. The plaintiffs had made no efforts to procure the depositions of these persons. They ought to have known that these foreign or non-resident witnesses were not liable to be subpœnaed and made to attend. They, therefore, should have taken the depositions of these persons. But if they (the plaintiffs) chose to take the promises and assurances of these persons that they would attend, they must abide by it, and

sickness is no cause for delaying the trial under such circumstances.

3. There is no error in the judgment against McCreery for costs. He was security in the bond for costs of suit, and such security, when he enters into bond for costs, in order to enable a non-resident to prosecute his suit, under our statute concerning costs, becomes, so far as respects the costs, a party to the record, and judgment may properly be rendered against him for the costs. (R. C. 1845, tit. Costs, art. 1, sec. 21, p. 244-5.) This section does not include alone the actions brought to the use of any person. Its proper construction is, in all such actions, as well as in all where there is security for costs, or where the attorney shall be liable for the same, the judgment for costs shall be rendered against the person for whose use the action is brought, the security or attorney, &c.

The judgment, then, is in all things affirmed; the other judges concurring.