Davis, Plaintiff in Error, v. Farmer, Defendant in Error.

1. Where the plaintiff in a suit gives security for costs and the defendant prevails in the action, judgment may be rendered at the same time against the surety; should however judgment for costs against the surety be omitted, the defendant may sue the surety directly on his undertaking.

2. The plaintiff in a suit gave security for costs by an instrument in the following form: "I. S. v. N. A. D. Civil action. We, I. S. as principal, and W. B. F. and B. S. L. as sureties, are held and firmly bound for the payment of all the costs that have accrued or may accrue in the above case. Witness our," &c. *Held*, judgment having been rendered against the plaintiff for costs, that suit might be maintained on this instrument by the defendant against the sureties.

*Error to Greene Circuit Court.*

This was an action by N. A. Davis against W. B. Farmer on the following instrument: " Isham Shoat v. N. A. Davis. Civil action in the Greene circuit court. We, Isham Shoat as principal, and W. B. Farmer and B. S. Lane as sureties, are held and firmly bound for the payment of all the costs that have accrued or may accrue in the above case. Witness our hands and seals this 23d of June, 1852. [Signed,] Isham Shoat (seal), W. B. Farmer (seal), B. S. Lane (seal)." The petition alleged that the above instrument was executed during the pendency in the Greene circuit court of a suit in which said Shoat was plaintiff and said N. A. Davis defendant, and that the defendant prevailed in said suit and recovered costs against the plaintiff therein, Shoat. To this petition the court sustained a demurrer.

*Wright,* for plaintiff in error.

I. The guarantee to pay costs is in the language of the statute, and is sufficient to make the defendant liable to pay all costs which Davis may have paid or is liable to pay in the suit in which said undertaking was filed.

*Hendrick,* for defendant in error.

RICHARDSON, Judge, delivered the opinion of the court.

It was decided in Hamilton v. Moody, 21 Mo. 79, that when the plaintiff gives security for costs and the defendant prevails in the action, judgment for costs may be rendered at the same time against the surety. This is the most convenient practice and ought to be universally adopted ; but if it should be omitted, there is no reason why the surety should escape liability on his undertaking.

The instrument declared on in this suit strikes the legal mind as anomalous in omitting to name an object, but it seems to be recognized by the statute as in proper form, (R. C. 1855, p. 441, § 2,) and is according to the form often used. (See R. C. 1855, p. 1626, Appendix, No. 46.) The

apparent intention of the legislature would be defeated by applying technical rules to such instruments, and hence to give them effect it is necessary to construe the defendant in the suit in which the obligation is filed as the obligee, and to allow him, in the event that the plaintiff is condemned to pay the costs, to maintain an action in his own name for all the costs which the plaintiff is bound to secure.

The judgment will be reversed and the cause remanded; Judge Scott concurring.   Judge Napton absent.