SAMUEL McCARTNEY'S ADMINISTRATOR *et al.*, Appellants, *v.* BENJAMIN A. ALDERSON *et al.*, Respondents.

1. *Forcible entry and detainer — Tenant, when in possession, must sue.* — For disseizin during tenancy, where the tenant was in actual possession, an action of forcible entry and detainer should be brought by him, and not by the landlord.

2. *Practice, civil — Judgment against plaintiff and surety for costs.* — Where plaintiff gives security for costs, and defendant prevails in the action, judgment may be rendered against plaintiff and his sureties at the same time for costs.

*Appeal from St. Charles Circuit Court.*

*H. C. Lackland* and *Wm. A. Alexander*, for appellants, cited in argument Wagn. Stat. 650, §§ 4, 14 ; Keary v. Baker *et al.*, 33 Mo. 603.

*Thomas Bruere*, for respondents.

BLISS, Judge, delivered the opinion of the court.

This cause has been once before us (45 Mo. 35), and most of the material questions involved were fully considered. The case has been re-tried, and though new testimony was given, the facts developed are substantially the same. Many of the witnesses say that McCartney had possession, yet the whole evidence shows that this was only an opinion, and that he never had actual possession. The plaintiff only claims that his intestate had possession of the open lot now in dispute, by virtue of his deed, which covers it and an adjoining lot upon which was a tenanted house. If he was ever possessed of this lot it was through his tenants, for neither he nor his agents or representatives have ever occupied, personally, any portion of the premises, and it appears that at the time of the alleged disseizin, and when this action was commenced, a

tenant, Anna Goerges, was in the actual occupation of the house upon the adjoining lot. If there was any constructive possession of the vacant lot in controversy, because embraced in plaintiff's deed from Taylor as part of the premises, it was the possession of the tenant, and she, and not the landlord, must sue. The landlord cannot bring this action for the dispossession of the tenant during the term, for he is not disseized. If he claims that this lot is so severed from the one upon which the house is located as not to be leased with the house, then he must show actual possession, which he has failed to do.

The doctrine of this case and of the cases cited in the former opinion does not conflict with May v. Luckett, 48 Mo. 472, for the complaint was not against a tenant holding over, nor against an intruder after a surrender to the landlord.

Under instructions by the Circuit Court that the evidence did not entitle the plaintiff to bring the action, the jury returned a verdict against him, upon which the court rendered judgment both against the plaintiff and his sureties for costs. This judgment against the sureties is specially objected to as being unauthorized by the statute. Section 21 of the act concerning costs (Wagn. Stat. 345) has received a judicial interpretation that extends its scope to cases like the one at bar (Hamilton v. Moody, 21 Mo. 79; Davis v. Farrar, 28 Mo. 54), although the section is somewhat ambiguous. This interpretation is a reasonable one, and has been acquiesced in and followed by the courts. Keary v. Baker, 33 Mo. 603, is quoted as authority against the view taken in the other cases, yet the court only held that in dismissing the appeal without trial, a summary judgment for costs could not be rendered against the sureties, and even if the views of the court should be considered as conflicting with those in the former cases, we think they should not prevail after the long establishment of so convenient and just a mode of collecting costs.

Judgment affirmed. The other judges concur.