CHARLES C. GARRETT, Respondent, *v.* HENRY CRAMER, Appellant.

#### November 20, 1883.

1. ACTION FOR COSTS. — A witness in whose favor fees are taxed in a cause may maintain an action therefor against a surety for costs whose liability has become fixed by the judgment.

2. —— PARTIES TO — PRACTICE. — The objection that the other witnesses in the cause were not joined as parties plaintiff can not be raised for the first time on appeal.

APPEAL from the St. Louis Circuit Court, BARCLAY, J. *Affirmed.*

JOHNSON, LODGE & JOHNSON, for the appellant.

J. K. HAUSBROUGH, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace upon a statutory undertaking, whereby the defendant engaged, in a suit pending in the circuit court of the then County of St. Louis, between John H. Graf, by next friend, plaintiff, and C. Borgdorf, defendant, to pay all costs which had accrued or which might accrue in the suit. The undertaking was entered into in conformity with a rule upon the plaintiff to give such security, on motion of the defendant. It was in the following language : —

" I acknowledge myself bound for all costs that have accrued or may accrue in the case of John H. Graf, by next

friend, against C. Borgdorf and all.    Witness my hand at
seal at St. Louis this day of 3d February, 1874.

    "(Signed)                HENRY CRAMER [L. S.].

    "Approved by the court February 3d, 1874.

                            " J. LEWIS, *Clerk.*"

It appeared at the trial that the plaintiff was one of thirteen
witnesses who had been examined for the plaintiff in that
suit and whose fees, taxed at various sums from $30.55, the
amount of this plaintiff's fees, to $5.80, the amount of those
of the witness, John P. Graf.    In the suit in which this un-
dertaking was given the judgment was rendered in favor of
the plaintiff and against one of the defendants.    Evidence
was also introduced tending to show that the parties to the
suit in which this undertaking was given were all of them in-
solvent and had no property within the city or county of St.
Louis subject to execution.    We do not see that any evi-
dence was offered tending to show whether the other twelve
witnesses in favor of whom witness fees were taxed in the
case of *Graf* v. *Borgdorf* have been paid their fees or not.

Upon this evidence the question which arises is whether
the plaintiff is entitled to maintain this action.    The defend-
ant takes the ground that he is not, for two reasons:
(1.) That he is not the obligee in the bond sued on.    (2.)
That, if he is the obligee in the bond, then the other wit-
nesses in whose favor fees were taxed were co-obligees and
should have been joined as parties plaintiff.

1. It will be perceived that no obligee is named in this
undertaking and the instrument is certainly anomalous, as
was pointed out by the supreme court with reference to a
similar instrument in *Davis* v. *Farmer* (28 Mo. 55).    If
the defendants had been the successful parties in the suit
in which this undertaking was given judgment might, it
seems, have been rendered against the surety for costs, as
well as against the plaintiff (*Hamiltons* v. *Moody*, 21 Mo.
79), or if the judgment had not been rendered against the
surety the defendants in the action might have sued upon

the instrument, as was held in *Davis* v. *Farmer* (28 Mo. 55), where the court said : " The apparent intention of the legislature would be defeated by applying technical rules to such instruments, and hence to give them effect it is necessary to construe the defendant in the suit in which the obligation is filed as the obligee and to allow him, in the event that the plaintiff is condemned to pay the costs, to maintain an action in his own name for all the costs which the plaintiff is bound to secure." But it is not necessarily to be inferred from this language that where the plaintiff prevails in the suit he is to be deemed the obligee and is to bring an action against his own surety for costs which he himself has occasioned, but which neither he nor defendants are able to pay.

This undertaking appears to have been given under section 986 of the Revised Statutes (Gen. Stats., p. 687, sect. 2) which reads as follows : " If, at any time after the commencement of any suit by a resident of this state, he shall become non-resident, or in any case the court shall be satisfied that any plaintiff is unable to pay the costs of suit, or that he is so unsettled as to endanger the officers of the court with respect to their legal demands, the court shall, on motion of the defendant, or any officer of the court, rule the plaintiff, on or before the day in such rule named to give security for the payment of the costs in such suit. And if such plaintiff shall fail on or before the day in such rule named to file the undertaking of some responsible person, being a resident of this state, whereby he shall bind himself to pay all costs which have accrued, or may accrue, in such action, the court may on motion dismiss the suit unless such undertaking shall be filed before the motion is determined."

The primary object of this statute, no doubt, was to afford the means of securing the officers of the court in respect of their fees, and though witnesses are not named therein, manifestly it ought to be liberally construed so as to embrace them also. It is a well understood rule with

reference to penal bonds or undertakings given for the security of third persons, that any person injured by a breach of such a bond or undertaking may maintain an action thereon. Before our practice, act such a person would have brought his action in the name of the obligee in the bond to his own use, as was done in the case of *United States to use* v. *Ferguson* (16 Mo. 258), where a garnishee maintained an action on an attachment bond which had been given in the United States circuit court in the name of the United States, the obligee therein. But under our present practice act, even if an obligee had been named in the undertaking here sued on, which is not the case, the plaintiff could not have maintained suit in the name of such obligee, but would have been required to sue in his own name, just as he did. We think, therefore, that the undertaking sued on was intended for the security of the officers of the court and witnesses in whose favor costs might be taxed, and that such persons, being the real beneficiaries in the undertaking, may maintain an action in their own names for the breach of it.

2. The second objection that, if the plaintiff is entitled to maintain an action upon this instrument, he is to be deemed a joint obligee with the other witnesses, and with the officers of the court entitled to costs, does not properly arise on this record. In the first place it does not appear from the bill of exceptions that any other costs except those due to this plaintiff remain unpaid, and it can not be presumed that such is the case for the purpose of defeating his right of action. In the second place the defendant made no objection anywhere in the proceedings that there was a non-joinder of parties. Such an objection, it is well settled, can not be taken by motion in arrest of judgment, the defendant having gone to trial on the merits without making it. *Horstkotte* v. *Menier*, 50 Mo. 158 ; *Mississippi Planing Mill* v. *Presbyterian Church*, 54 Mo. 520 ; *Rickey* v. *Tenbroeck*, 63 Mo. 563 ; *Fowler* v. *Williams*, 62 Mo. 403.

But even if it could, such non-joinder was not stated as a ground for arresting the judgment which was filed.

The judgment of the circuit court is affirmed. All the judges concur.