## JOHN G. SHERBURNE *vs.* LUTHER E. SHEPARD.

Middlesex. March 8, 9. — June 30, 1886. W. ALLEN & HOLMES, JJ.,
absent.

It is no defence to a *scire facias* against the indorser of the writ in an action, that the plaintiff, in taxing his costs in that action, in which he was the defendant, fraudulently procured the allowance by the clerk of various sums to which he was not lawfully entitled.

MORTON, C. J. This is *scire facias* against the indorser of a writ. The only defence now relied upon is, that the plaintiff in this suit, in taxing his costs in the original action, in which he was the defendant, fraudulently procured the allowance by the clerk of various sums to which he was not lawfully entitled. We are of opinion that this defence is not open to the defendant, but that the judgment in the original action, so long as it is unreversed, is conclusive upon him.

The statute provides that "every indorser, in case of avoidance or inability of the plaintiff, shall be liable to pay all costs awarded against the plaintiff." Pub. Sts. *c*. 161, § 24. The liability of an indorser is analogous to that of bail, the indorser being a surety for the plaintiff, as bail is for the defendant. Either is so far a privy to the judgment as to be bound by it, unless it is obtained by collusion between the parties to it, in order to create or enlarge the liability of the indorser or bail.

The grounds of defence set up in this suit might and should have been tried in the original suit. The objection now made to the taxation of the costs could have been raised in that suit before the clerk, and, by appeal, before the court, by the plaintiff therein, and by the indorser, who is a party to the record, and so far interested in and privy to the suit that he would have had a right to be heard upon the taxation of costs. As neither raised the questions at the proper time, the judgment duly rendered is conclusive upon both, and the defendant in this suit cannot collaterally impeach it. *Webster* v. *Lowell*, 2 Allen, 123. *Tracy* v. *Maloney*, 105 Mass. 90. *Tracy* v. *Goodwin*, 5 Allen, 409. *Springfield Card Manuf. Co.* v. *West*, 1 Cush. 388. *Wood* v. *Mann*, 125 Mass. 319.

The question is not whether the indorser could impeach the judgment by proof that the parties thereto obtained it by collu- sion in order to charge him. No such collusion was alleged, or offered to be proved.                    *Exceptions overruled.*

*C. Cowley*, for the defendant.

*C. H. Conant*, for the plaintiff.