ORVILLE A. JONES, Respondent, v. DAVID C. MASTIN, Appellant.

Kansas City Court of Appeals, January 28, 1895.

1. **Parties:** INJUNCTION BOND: JOINT OBLIGEES. All joint obligees must be joined in an action on the obligation, and a non-joinder, if seasonably objected to, will be fatal; but, where one defendant in an injunction suit upon dissolution has on motion his damages assessed, on his action against the sureties on the injunction bond to recover such damages, a demurrer for the non-joinder of the other obligees is made too late and is properly overruled.

2. **Injunction**: ASSESSMENT OF DAMAGES: RES ADJUDICATA. A judgment, on motion to assess the damages of one of the defendants in an injunction suit, is conclusive as to the measure of his damages and establishes in him a separate, individual right, severable, and, indeed, severed, from all or any claim of his co-obligees and confers on him the sole right to sue for the same.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*Wash. Adams* and *T. A. F. Jones* for appellants.

(1) By the terms of the injunction bond, which is copied in the petition, all the other obligees are in exactly the same relation to the obligors as the one who sues, and the question is, can he sue alone to recover the penalty of the bond without bringing them in as parties either plaintiff or defendant, and without any averments in regard to their apparent interest. The condition of the bond is in effect that the obligors shall be liable to the extent of $5,000, the penalty of the bond, for all sums of money, damages and costs that shall be adjudged against the plaintiff in the injunction suit if the injunction is dissolved. The breach alleged is that the injunction was dissolved and that $2,021.86 was adjudged against the plaintiff in the injunction suit and in favor of O. A. Jones, one of the obligees and respondent herein. There is no averment as to what sums, if any, were adjudged in favor of the other obligees. Where there is any fact which takes a case out of the general rule it must be particularly alleged. Boone, Code Pleading, p. 243; *Hedderly v. Downs*, 31 Minn. 183. The necessity of the joinder as plaintiffs of joint obligees in an action upon the obligation has been so often affirmed by the appellate courts of this state that it may be considered settled law. *Dewey v.*

*Carey*, 60 Mo. 224; *Rainey v. Smizer*, 28 Mo. 310; *Ryan v. Riddle*, 78 Mo. 521; *Thieman v. Goodnight*, 17 Mo. App. 429; *Ohnsorg v. Turner*, 33 Mo. App. 486.

*Graves & Aull* and *J. D. Shewalter* for respondent.

(1) The judgment sought to be recovered was in favor of this plaintiff and against the plaintiff in the injunction; no other obligee in the bond has any interest therein. But being a suit against the securities to recover the amount of that judgment, if, in the cause, there has been any assessment of damages in favor of any other party, and thereby an additional liability on the part of defendants, they should have so pleaded it as reduction *pro tanto* of their liability. The case of *Dewey v. Cary*, 60 Mo. 224, has no application, for an examination thereof will show that the decision is based upon the fact that no assessment of damages was had at the time of the dissolution, but it was a suit upon the bond for the assessment of damages, and the recovery thereof. (2) The whole matter is *res adjudicata*. This court has twice decided in the main cause that plaintiff must have his damages assessed in the cause against plaintiff in the injunction, and, on failure to pay, his remedy was a suit on the bond.

GILL, J.—This is an action by the defendant in an injunction suit to recover of the defendants, who were sureties on the injunction bond, the damages assessed and adjudged in his favor and against the injunction plaintiff. This action is the outgrowth, and we hope the finality, of litigation begun between these parties eleven years ago. For a history of the controversy, we quote from respondent's brief:

"March 29, 1884, Kersey Coates, assignee of the Mastin Bank, brought an injunction against Elliott,

sheriff of Lafayette county, Orville A. Jones, George
Nolan, administrator, and others, restraining the sale
of certain property. Upon the trial of the cause, on
motion of Orville A. Jones to dissolve the injunction,
the same was dissolved, when said Jones filed his
motion for an assessment of damages on the bond.
This was done. On appeal to this court, the judgment
dissolving the injunction was approved, but the cause
was reversed for the reason that no assessment against
the securities could be had, but that the damages sus-
tained by this plaintiff must first be assessed in his
favor against the principal, and in the event of its non-
payment, an independent suit thereon against the
securities. *Coats v. Elliot*, 27 Mo. App. 510. In
obedience to this mandate, the judgment was so entered
up, which, on appeal to this court, was reversed, because
the damages accruing after the dissolution of the
injunction were included in the judgment. *Teasdale v.
Jones*, 40 Mo. App. 243. But this court directed the
entry of the judgment in favor of plaintiff for a cer-
tain amount, to be ascertained by calculation. This
was done, and on appeal to this court, April 21, 1892,
this judgment was affirmed. So that this is the fourth
visit of this case to this court. The judgment not
being paid, Jones brings this suit against the securities
to recover the amount of the judgment assessing his
damages."

The petition sets forth the granting of the injunc-
tion thereof on hearing, and the assessment of damages
in favor of plaintiff against the plaintiff in the injunc-
tion suit for the sum of $2021.86 and costs, by the cir-
cuit court of Johnson county, which was appealed by
the plaintiff therein to the Kansas City court of appeals,
where, on the twenty-first day of April, 1892, judgment
was affirmed. The injunction bond is set out in full,

the condition of which was: "Now, if said plaintiff shall abide the decision which shall be made thereon and pay all sums of money, damages and costs, that shall be adjudged against him, if the injunction shall be dissolved, then this obligation is to be void; otherwise to remain in full force." It then alleges that there had been a failure by the plaintiff in the injunction, and by the defendants herein, to pay the said judgment or any part thereof.

The defendants demurred to the petition for failure to join, as coplaintiffs, the other obligees in the bond. Demurrer being overruled, the defendants declined to plead further, and on proof the court entered judgment for $2,421.15, being the original judgment and interest, against the plaintiff in the injunction. Defendants appealed.

As will be seen, the defendants' demurrer to the petition is based on the statutory ground of a defect of parties plaintiff; that, as the injunction bond was made to plaintiff and several other parties, then all must join in an action thereon. The well known rule is invoked, that, where an obligation is made to two or more jointly, all the obligees must sue upon it. The correctness of that rule of pleading must be conceded. But, in our opinion, it can not, under the circumstances of this case, be successfully used to turn this plaintiff out of court. While such non-joinder, if seasonably invoked, might have seriously interfered with the motion or proceeding whereby the plaintiff secured a judgment against the principal of these sureties, it is now too late, and these defendants are estopped, by the judgment already entered against their principal, to deny this plaintiff's capacity to sue alone. From the petition it appears that after dissolution of the injunction, this plaintiff Jones (one of the defendants in said injunction suit) filed his separate motion for assessment of

damages; the cause was heard, and, after much litigation, he succeeded in getting a judgment against the injunction plaintiff, which judgment has become final and irrevocable. Here was the time and occasion for insisting that all the obligees in the bond should be joined in the assessment of damages on the bond. *Ohnsorg v. Turner*, 33 Mo. App. 486. And since the principal (said plaintiff in the injunction suit) neglected to avail himself of that defense, he and his sureties are forever precluded from raising the same question in an action based on said judgment.

The judgment on the motion to assess damages was not only conclusive as to the *measure* of Jones' damages, but it established in him a separate, individual right severable, and, indeed, *severed*, from all or any claim of his co-obligees, together with the sole right to sue for the same. That matter then became *res adjudicata*, not only as to Jones and the injunction plaintiff, but was alike settled and determined as to the sureties on the injunction bond. The following authorities are in point: 1 Greenleaf on Evidence, sec. 523; 1 Freeman on Judgments, secs. 176, 180; *Towle v. Towle*, 46 N. H. 431; *Methodist Church v. Barker*, 18 N. Y. 463; *Collins v. Mitchell*, 5 Fla. 364; *Jaynes' Ex. v. Platt*, 47 Ohio St. 262; *Boyd v. Huffaker*, 40 Kan. 634; *Harvey v. Head*, 68 Ga. 247.

These authorities sustain the position that the sureties, by signing the injunction bond, voluntarily assume such a connection with that suit that, in the absence of fraud or mistake, they are concluded by the judgment therein and estopped, in a subsequent action on the bond, to dispute any fact fairly settled by said judgment. The sureties thereby became identified with their principal as *privies*, if not as *quasi* parties to the action. We have, then, the proper application of the rule so well stated by Mr. Greenleaf:

"All privies, whether in estate, in blood, or in law, are estopped from litigating that which is conclusive upon him with whom they are in privity.    And if one covenants for the results or consequences of a suit between others  *  *  he thereby connects himself in privity with the proceedings, and the record of the judgment in that suit will be conclusive evidence against him;" or, as stated in Freeman on Judgments; (section 180): "The sureties upon an injunction bond assume such a connection with that suit that they are concluded by a judgment in it in a suit at law upon the bond, so far as the same issues are involved."

In the well considered case of *Methodist Church v. Barker, supra,* the New York court of appeals dealt with the sureties in a case of this kind on the terms of their contract: "If a man," says the court, "undertakes the payment of a judgment which may be recovered against another, he owes the amount of the judgment when recovered, irrespective of its legal merits, because such is the nature of his contract.    He can not go behind the judgment, if there be no collusion, and allege that it is contrary to law."    And so with the case at bar.    These defendants, by their bond, covenanted and, in effect, agreed, that they would, in default of the plaintiff in the injunction suit, "pay all damages and costs that should be adjudged against him."    There was judgment for damages rendered against said injunction plaintiff, which he failed to pay, and hence the obligation of the sureties became absolute.

There was no error in overruling the demurrer to the petition.    The judgment, therefore, of the circuit court is affirmed.    All concur.