Jordan v. Vaughn.

JORDAN et al. Appellants, v. VAUGHN, Respondent.

St. Louis Court of Appeals, January 19, 1904.

1. **LOST INSTRUMENT: Affidavit Showing Loss and Contents.** An affidavit showing the loss and the contents of a lost instrument, filed in the case, is a sufficient compliance with section 4560, Revised Statutes of 1899.

2. —————: **Cost Bond: Supplying Lost Instrument.** A lost cost bond is not one of the instruments to be supplied under the provisions of section 4561, Revised Statutes of 1899; it may be supplied by affidavit of its loss and contents, under the general powers of the court.

3. —————: —————: **Motion for Judgment.** A motion for judgment against sureties on a cost bond which has been lost, is not an action on a lost instrument within the meaning of sections 642 and 643, Revised Statutes of 1899.

Appeal from Monroe Circuit Court.—*Hon. D. H. Eby,* Judge.

AFFIRMED.

*W. T. Ragland* and *R. B. Bristow* for appellant.

*J. M. Crutcher* and *J. H. Whitecotton* for respondent.

(1) Appellants, as it appears from their brief, contend for the reversal of this judgment on the sole ground that sections 4560 and 4561, R. S. 1899, do not authorize the supplying of any lost record without notice to the party or parties affected. Section 4560 of said Revised Statutes of 1899 provides how mutilated, lost or destroyed records or papers may be supplied. Section 4561 of said Revised Statutes of 1899 provides what proceedings shall be had when certain records have been supplied as provided by section 4560, supra, and provides specially as to what proceedings shall be had on judgments and executions supplied, by requiring a summons to issue. Said section further provides the procedure to reinstate "any inventory, sale, bill, or order of any county or probate court" by a notice being served upon the administrator or executor, etc., as shown by said section. This procedure by notice is only required and is limited to said papers or orders affecting estates. Now these provisions aforesaid leave all the other instruments or papers provided for under sec. 4560, R. S. 1899, without any direct statutory provision further than provided for in said section, unless the doctrine of *ejusdem generis* can be made to apply to said sections 4560 and 4561, as contended for by appellants. We know of no holding of any court in this State that would authorize such a contention. The doctrine of the rule of *ejusdem generis* only applies where the particular words are of the same nature or kind, and an interpretation should never be adopted that will defeat the purpose of the statute if any other construction is admissible. State ex rel. v. Corkins, 123 Mo. 56; State v. Phelan, 66 Mo. App. 548; St. Joseph v. Elliott, 47 Mo. App. 418. (2) The respondent contends that

outside and beyond the provisions of said sections 4560 and 4561, supra, the defendant—respondent herein—having filed his motion under and by virtue of the provisions of section 1562, R. S. 1899, had the right to prove the contents of the lost bond by secondary evidence, which was done in this case. State v. Simpson, 67 Mo. 647; Railway v. Holladay, 131 Mo. 450.

GOODE, J.—Yowell had an action in the circuit court of Monroe county against the defendant Vaughn. The other parties, Thompson and Jordan, who are the appellants here, were the sureties of Yowell on a cost bond. After one trial of the action and a reversal of the judgment by this court, it was dismissed for failure to prosecute it and afterwards, the court, on motion of the defendant, entered judgment against Yowell and his two sureties for the costs. The sureties took this appeal.

The cost bond was lost before judgment was rendered on it; but its contents were proven and were, substantially, that the parties to it bound themselves to pay all the costs that had or might accrue in the cause. An affidavit to show its loss and its contents, was duly filed in the circuit court prior to the judgment. That it was lost and what it contained were proven, too, by one of the attorneys for the sureties; and there is no dispute about those facts.

Several objections were raised by the sureties to judgment being rendered against them for the costs; but only one point is discussed in their brief on this appeal; namely, that it devolved on the defendant Vaughn to proceed under sections 4560 and 4561 of the Revised Statutes, to supply the bond.

Section 4560 was, as stated, complied with when the affidavit, containing a statement in writing of the full contents of the lost instrument, was filed. Section 4561 enumerates the instruments to which its provisions are intended to apply and a bond for costs is not one of

them. That section relates to judgments, inventories, sale-bills, or other orders of a county or a probate court. It provides two distinct procedures; one to supply lost judgments or executions, the other to supply a lost inventory, sale-bill or order of a county or a probate court. The court committed no error in supplying the bond on the proof made, as such a procedure fell within its general powers. State v. Simpson, 67 Mo. 647; Railroad v. Holladay, 131 Mo. 440.

This is not an action on a lost instrument within the meaning of sections 642 and 643, and it is conceded that plaintiff did not have to proceed according to those sections.

The judgment for costs was properly rendered against the sureties on the bond (Schawacker v. McLaughlin, 139 Mo. 323), and is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.