## NEWTON E. CALHOUN, Appellant, v. C. F. GRAY et al., Respondents.

St. Louis Court of Appeals, October 24, 1910.

1. **COSTS: Principal and Surety: Judgment for Principal Discharges Surety.** A judgment for the principal in a cost bond conditioned on the payment of all costs that may accrue in the action is a conclusive discharge of the sureties on the bond.

2. **PRINCIPAL AND SURETY: Judgment Against Principal: Not Conclusive Against Surety, When: Evidence.** The general rule is, that a judgment against a principal is not conclusive against the surety, but is only prima facie proof of the breach of the contract and his liability thereunder, and ordinarily such judgment is received in evidence for such prima facie purposes and the surety is permitted to defend by showing a good de-

fense to the action which might have been asserted by the principal.

3. ———: ———: **Conclusive Against Surety, When.** Where sureties undertake to pay a particular judgment or to do something else dependent upon the result of specific litigation then pending, such as to pay the costs adjudged therein or to answer for the conduct of the party as to a charge laid on him by law, the judgment against the principal in the undertaking is, in the absence of fraud or collusion, conclusive on the surety.

4. **COSTS: Cost Bond: Nature of: Principal and Surety.** A cost bond is in the nature of a recognizance executed by the sureties, who, by executing and filing the same, · voluntarily become parties to the record in the cause.

5. **RECOGNIZANCES: Nature Of: Principal and Surety.** A "recognizance" is an obligation of record entered into before a court or other duly authorized officer, conditioned to do some act required by law, which is therein specified.

6. **COSTS: Cost Bond: Nature of Surety's Obligation: Principal and Surety.** Under section 2259, Revised Statutes 1909, declaring that the surety on a cost bond binds himself to pay all the costs of the action, costs accrue, if at all, and are adjudged against the parties to the action, and the obligation of the surety is to pay such costs as are adjudged against the principal.

7. **PRINCIPAL AND SURETY: Construction of Contract.** Although the obligation of the surety in a bond is *strictissimi juris,* · the rule for construing a contract of suretyship is the same as is applied to the interpretation of other instruments, and the court will resort to the same aids and invoke the same canons of construction as are applied to other contracts.

8. **COSTS: Principal and Surety: Judgment Against Principal: Rights of Surety.** A surety in a cost bond may file a motion to retax the costs, though he is not mentioned in the judgment, and he may appeal from a judgment against the principal alone.

9. ———: ———: ———: **Conclusive Against Surety.** Under section 2259, Revised Statutes 1909, declaring that a surety in a cost bond binds himself to pay all the costs in the action, a surety in a cost bond executed by a plaintiff and the surety, stipulating that "we . . . agree to pay all costs that have accrued, or may accrue," in the action, is bound to abide the result of a taxation of costs in the litigation between the parties thereto, and a judgment for costs against plaintiff determines the costs for which the surety is responsible, and is con-

clusive against him, even though it is not entered against him personally.

10. ——: ——: ——: ——: **Due Course of Law.** Due course of law assures to every person his right to a day in court and of a notice of a hearing and an opportunity to defend, but one who is a party to the record by virtue of his having become a surety in a cost bond voluntarily submits himself to such judgment as shall be given against plaintiff for costs, subject to his right to move for a retaxation.

11. ——: ——: ——: ——: **Collateral Attack.** Where a surety in a cost bond fails to move to retax costs against his principal or to appeal from an adverse ruling, the judgment for costs is conclusive on him.

12. ——: ——: **Assignee of Witness May Maintain Action for Fees.** A witness, in whose favor fees are taxed as costs, may maintain an action therefor against a surety on the cost bond, and the assignee of such witness may likewise maintain such an action.

Appeal from Scotland Circuit Court.—*Hon. Charles D. Stewart,* Judge.

REVERSED AND REMANDED (*with directions*).

*Thos. L. Buford, Fogle & Fogle* and *Pettingill & Montgomery* for appellant.

(1) Where the plaintiff in a suit gives security for cost and the defendant prevails in the action, judgment may be rendered at the same time against the principal and the surety in the cost bond. Should however, judgment for cost against the surety be omitted, the defendant may sue the surety directly on his undertaking. Davis v. Farmer, 28 Mo. 54; Garret v. Crammer, 14 Mo. App. 401. (2) A witness in whose favor fees are taxed in a cause may maintain an action therefor against a surety for cost whose liability has become fixed by the judgment. Garret v. Crammer, 14 Mo. App. 401. (3) The conclusiveness of a judgment including the finding of any fact, which

was in issue or which was necessary to reach the judgment, is not impeachable. State ex rel. v. Branch, 134 Mo. 592. (4) The judgment entered by the court on the motion for retaxation of cost where every item of cost is passed on is a final judgment, because an appeal can be taken from it. This is so plain a proposition that it needs no authority to back it.

*Smoot, Boyd & Smoot* for respondents.

(1) The sureties' liability on the cost bond is measured by the law governing costs, and this liability cannot be enlarged without the sureties' consent beyond the scope marked by law. Schawacker v. McLaughlin, 139 Mo. 333. (2) The judgment against the principal is only prima facie evidence of the liability of the surety. Stewart v. Thomas, 45 Mo. 42; Stoop v. Wittler, 1 Mo. App. 420; State ex rel. v. Hollenbeck, 68 Mo. App. 374; State to use v. Grace's Admr., 26 Mo. 87. The law implies necessity of notice to surety. Ray County v. Barr, 57 Mo. 290.

NORTONI, J.—This is a suit against the sureties on a statutory cost bond for costs adjudged against their principal, who was plaintiff in the action in which the cost bond was given. The finding and judgment were for the defendants and plaintiff prosecutes the appeal.

The question presented for decision is as to whether or not the judgment for costs against the plaintiff alone, and not against the sureties, is conclusive against his sureties on the cost bond. The relevant facts giving rise to the controversy are about as follows: One, Shelley, instituted a suit in the circuit court against plaintiff in the present action, Calhoun, and on motion, the court required him to give security for the costs, which he did. The usual or statutory obligation for costs was executed by

Shelley, the plaintiff in that action, and defendants in this, as his sureties thereon. Omitting caption and signature, the instrument is in usual form, as follows: "We, the undersigned, agree to pay all costs that have accrued or may hereafter accrue in the above entitled cause." After this obligation for costs was filed and approved by the court, the case proceeded and the finding and judgment were for the defendant. By this judgment, the costs in that proceeding were taxed against the plaintiff, Shelley, who may be regarded as the principal in the cost bond, executed by the defendants in this action as his sureties. There is nothing whatever said in that judgment touching the obligation of the sureties. In other words, it is a judgment for costs against Shelley alone, who was plaintiff in the action. Shelley, the plaintiff in that action, having failed to pay the costs, the defendant therein, who is the plaintiff in this suit, paid the costs of a number of witnesses and took an assignment of their claim for the amounts due each and thereafter instituted this suit on the cost bond against the present defendants, who were Shelley's sureties, seeking to recover the costs of the witnesses theretofore properly assigned to him.

At the trial of the present case, plaintiff introduced the cost bond and the record and judgment of the former suit showing the judgment had been given against the plaintiff, Shelley, for the costs therein, together with other records showing the taxation of the costs of the several witnesses whose rights he had acquired by assignment, and gave testimony to the effect that he had paid the same to the witnesses and taken an assignment of their claims in the amount stated. The court treated the judgment against Shelley for costs as prima facie only against these sureties and permitted them to introduce evidence to the effect that the several witnesses whose claims were assigned to plaintiff were not entitled to receive

the fees claimed by them for the reason they had failed to swear to the same before the clerk at the time the costs were taxed by that officer against the plaintiff as required by the statutes. Notwithstanding the plaintiff's objections and exceptions, the court received this testimony, and found the issue for the defendants on the theory that such witnesses were not entitled to the costs taxed in their favor and that the judgment in the former suit was not conclusive against the sureties.

It is argued by the plaintiff that the judgment given in his favor for costs against Shelley, the plaintiff in the former action, is conclusive on the present defendants, sureties on the cost bond therein, and that the matter of the right of the several witnesses to their fees is *res judicata*. It is argued the defense interposed by the sureties to the effect that the several witnesses were not entitled to costs, although adjudged in their favor in the former action, is a collateral attack on the prior judgment against Shelley for the reason these sureties were parties to that suit, although they are not mentioned in the judgment. On the other hand, it is argued on the part of the defendants the judgment given against Shelley and the taxation of costs thereunder is only prima facie in so far as these defendants are concerned. Treating Shelley, the plaintiff in the former action, as principal, and these defendants as his sureties on the cost bond, putting aside the fact the sureties were at least parties to the record in the former action, it may be asserted as a proposition entirely true that had the judgment gone in favor of the principal debtor alone this judgment would stand as a conclusive discharge of the sureties for the obligation of Shelley. This proceeds from the fact that a judgment in favor of the principal in an undertaking extinguishes the obligation thereof, and as suretyship is only an incident to the principal obligation, such

judgment is conclusive in favor of the surety to the effect that no obligation may be enforced against them. [State to use, etc., v. Coste, 36 Mo. 437.] But in cases where the sureties are not parties to the record or given an opportunity to defend by appropriate notice, a judgment establishing the obligation against the principal is not conclusive on the doctrine of privity alone, and if it is conclusive at all against the sureties, it is because of the form the obligation has taken and not from the principles of law which obtain. Indeed, the general rule is that a judgment against a principal, instead of being conclusive, is only prima facie evidence against the surety to show the breach of the contract and liability thereunder. Ordinarily the judgment against the principal is received in evidence for such prima facie purposes and the surety is permitted to defend, as was done in this case, by showing a good defense to the action which might have been asserted by the principal. [Stewart v. Thomas, 45 Mo. 42; State to use, etc., v. Grace's Admr., 26 Mo. 87; State to use, etc., v. Martin, 18 Mo. App. 468; State ex rel. v. Hollenbeck, 68 Mo. App. 366; Bridgeport Ins. Co. v. Wilson, 34 N. Y. 275; Lafayette Bldg. Ass'n v. Kleinhoffer, 40 Mo. App. 388, 403; 27 Am. and Eng. Ency. Law (2 Ed.), 455.]

However, when it clearly appears from the obligation itself that the sureties undertook to pay a particular judgment or to do something else dependent upon the result of specific litigation then pending, as to pay the costs which may be adjudged therein or to answer for the conduct of a party in respect of a charge which the law lays upon him, the judgment in such litigation against the principal in the undertaking, in the absence of fraud or collusion, is accepted as conclusive on the sureties, for such, indeed, is the measure of their obligation. The rule in such cases rests not upon the principles of law which obtain between principal and surety but instead it

rests upon the fair construction which the courts place upon the obligation assumed by the parties. As said by Judge NAPTON in State to use, etc., v. Holt, 27 Mo. 340, 342:

"There is no reason why parties should not be allowed to obligate themselves to abide by the result of a suit between others, and if the contract in this case can be fairly construed as imposing such an obligation, there is no hardship in enforcing it. Such an obligation does not arise out of the mere relation of principal and surety, but springs from the express stipulations of the engagement."

Besides the case referred to see the following authorities to the same effect: McConnell v. Poor, 113 Ia. 133; Bridgeport Ins. Co v. Wilson, 34 N. Y. 275; 27 Am. and Eng. Ency. Law (2 Ed.), 455; State ex rel. v. James, 82 Mo. 509; Dix v. Morris, 66 Mo. 514; State v. Rucker, 59 Mo. 17; State ex rel. v. Canterbury, 124 Mo. App. 241, 101 S. W. 678; Black on Judgments (2 Ed.), sec. 587; Freeman on Judgments (4 Ed.), secs. 176, 180; Greenleaf on Evidence, sec. 523; Nolan v. Johns, 108 Mo. 431, 18 S. W. 1107; Jones v. Mastin, 60 Mo. App. 578.

In keeping with this doctrine, it has been held in this state from an early date, in actions against sureties on bonds of administrators and executors, that because of the particular undertaking of such bonds in conformity with our statutes, the sureties thereon are conclusively bound by a judgment of the probate court against the principal, the administrator or executor, alone. See state to use, etc., v. Martin, 18 Mo. App. 468; Lafayette Bldg. Assn. v. Kleinhoffer, 40 Mo. App. 388, 403. So, too, sureties on an injunction bond who are not mentioned in the judgment against their principal are nevertheless concluded by such judgment, because of the privity which obtains by virtue of their voluntarily becoming parties to the record and assuming to respond for his conduct. The question

has been pointedly decided. See Nolan v. Johns, 108 Mo. 431, 18 S. W. 1107; Jones v. Mastin, 60 Mo. App. 578. On the same principle it has been held that an order of the court on a settlement with a receiver alone is conclusive on the receiver's sureties identically as it is upon the receiver himself. [Clark v. First Nat'l Bank of Harrisonville, 57 Mo. App. 277.] To the same effect is State ex rel. v. Surety Co., 76 Mo. App. 227, wherein it is determined that the surety on the bond of an assignee for the benefit of creditors is concluded by a judgment against the assignee, for such is within the terms of the obligation fairly construed. The doctrine has been applied as well against the sureties of a circuit clerk where the obligation of the bond may be fairly construed to require such clerk to act in accordance with the order of the court. See State to use, etc., v. Thornton, 8 Mo. App. 27.

The rule of decision above mentioned obtains with respect to the obligation of the bond now in judgment; for our Supreme Court, in Schawacker v. McLaughlin, 139 Mo. 333, 40 S. W. 935, declared such bonds to be in the nature of a recognizance executed by the sureties, and said that by so executing and filing the same the sureties voluntarily become parties to the record in the cause. It is well understood that a recognizance is an obligation of record, entered into before a court, or other duly authorized officer, conditioned to do some act required by law which is therein specified. [2 Blackstone Comm., 341; Bouvier's Law Dictionary; Pace v. State, 25 Miss. 54; State v. Walker, 56 N. H. 176, 178.] If, then, the cost bond be in the nature of a recognizance, as said by the Supreme Court, it included the obligation to answer for the plaintiff as to such costs as are adjudged against him. The statute, section 2259, Revised Statutes 1909, section 1543, Ann. Stat. 1906, defines the obligation of the cost bond to be one whereby the surety "shall bind himself to pay all costs which have accrued or may

accrue in such action.'' Under other provisions of the statutes, costs accrue, if at all, and are adjudged, against the parties to the suit. It appearing the cost bond is to be considered as a recognizance of the sureties for the payment of costs, it is clear that their obligation is to pay such costs as are adjudged against the plaintiff, for such is a charge which the law has laid upon him and with respect to which the conduct of the plaintiff is vouchsafed in the recognizance by the sureties. The purport of a recognizance is that the obligor shall answer for the conduct of one against whom the law lays a charge.

Although the obligation of the surety is *strictissimi juris,* the rule for construing the contract of suretyship is the same which is applied to the interpretation of other instruments and the court will resort to the same aids and invoke the same canons of construction which apply to other contracts. [27 Am. and Eng. Ency. Law (2 Ed.), 450, 451.] With this thought in mind, we look to the words of the cost bond and the circumstances under which it was given, to the end of connecting its obligation with the subject-matter contemplated by the parties at the time of its execution. The sureties stipulated as follows: ''We, the undersigned, agree to pay all costs that have accrued or may hereafter accrue in the above entitled cause.'' After execution, the obligation was filed in the cause, approved by the court and the case proceeded to judgment resulting in the taxation of cost against the principal, Shelley, who was plaintiff in the action against Calhoun. As before stated, this obligation conforms to the statute providing for such instruments, section 2259, Revised Statutes 1909, section 1543, Ann. St. 1906. From a reading of the statutes and the obligation itself, and looking into the circumstances under which it was executed, it is obvious the parties stipulated with respect to the costs which had accrued or might accrue and be determined between the

parties to the litigation, between Shelley and Calhoun. We believe, therefore, that, fairly construed, the obligation of the sureties under such a bond is to abide the result of the taxation of costs in the litigation between the parties mentioned. If this is a fair and just interpretation of the undertaking, then the judgment against Shelley, the principal, determining the costs for which he is responsible, is conclusive and not merely prima facie against the sureties. There can be no doubt that this judgment as to costs is conclusive as to Shelley, for the term of the court elapsed and he prosecuted no appeal.

Furthermore, all of the authorities declared that such sureties are parties to the record in so far as the costs are concerned. Such has been repeatedly decided. If they are parties to the record, as so frequently declared, then they essentially stand in such relation of privity with their principal in the cost bond as would permit them to file a motion to the end of retaxing the costs, even though they were not mentioned in the judgment. Indeed, the sureties on such cost bonds and other judicial bonds, if parties to the record and in privity, are entitled to appeal from the judgment against their principal alone, for they may be aggrieved thereby. [Sherburne v. Shepard, 142 Mass. 141; Nolan v. Johns, 108 Mo. 431, 18 S. W. 1107; Jones v. Mastin, 60 Mo. App. 578; see, also, though not directly in point on this precise question, Schawacker v. McLaughlin, 139 Mo. 333, 40 S. W. 935; Jordan v. Vaughn, 104 Mo. App. 110, 78 S. W. 316.] In the two cases last cited, the judgments were actually given against the sureties, but other relevant principles are clearly portrayed therein.

That the reasoning above indicated is sound we believe may be demonstrated by looking into the statute itself and decisions thereunder. Our former statute authorized a judgment to be given against a surety on the cost bond, after notice had been served on him.

See section 31, p. 131, Revised Statutes 1835. Subsequently the requirement of notice to sureties on the cost bond was omitted and the statute assumed the form it now presents in section 2278, Revised Statutes 1909; section 1562, Ann. St. 1906. That statute authorized a judgment to be entered against the surety for costs "in like manner and to the same extent as if the suit or proceeding had been instituted in his own name." From an early date it has been ruled that this provision authorizes a judgment against the surety to be given at the time judgment is given against the principal and this, too, notwithstanding the fact that the surety was not a party to the action in the fullest sense of that term, for at no time under our law was he more than a party to the record and as such in privity. [Davis v. Farmer, 28 Mo. 54; McCartney's Admr. v. Alderson, 49 Mo. 456; Green Co. ex rel. Wilhite, 35 Mo. App. 39; Jordan v. Vaughn, 104 Mo. App. 110, 78 S. W. 316.] In Hamiltons v. Moody, 21 Mo. 79, the Supreme Court expressly ruled the proposition that a surety for costs under the statute voluntarily became a party to the action in so far as the costs were concerned and thus authorized a judgment to go against him therefor. In the more recent case of Schawacker v. McLaughlin, 139 Mo. 333, 40 S. W. 935, a judgment was given against the surety for costs without notice and it was urged in the Supreme Court that such judgment was void in so far as the surety was concerned for the reason he had not been given his day in court and accorded an opportunity to defend. It was argued that notice to the surety should have been given. Of this the court said:

"No special finding or notice as to the surety was necessary. His liability grows out of his original undertaking, the judgment against the plaintiffs, and the statutes which define the force and effect thereof."

The court further said the undertaking is as to the cost in the nature of a *recognizance by force of the*

*statutory law.  And no personal notice to the surety
is required for the reason he is considered to be in
court.*  From the doctrine of these cases, we conclude
a surety on the statutory cost bond is a party to the
record and concluded by the judgment for cost against
his principal even though the judgment be not entered
against him personally, for, as said in the case last
cited, his obligation is in the nature of a recognizance
and his liability depends only upon the three facts of
his original undertaking, the judgment against his
principal and the statutes which define the force and
effect of that judgment.  That is to say, the judgment
against the plaintiff is, perforce of the sureties being
parties to the record and the statute, conclusive as to
the surety without other or special notice.  There can
be no doubt of the established rule of decision with re-
spect to sureties on judicial bonds given in the course
of a suit or other proceeding.  In those cases, if the
surety, by the terms of the bond, undertakes to pay
the judgment, abide its result, or answer for the con-
duct of his principal with respect to a charge which
may be laid against him by the court, under the law,
he thereby submits himself to the acts of the principal
and to the judgment as itself a legal consequence fall-
ing within the contract of suretyship.  In such cir-
cumstances the surety is regarded as having volun-
tarily placed himself in privity with the principals so
as to be concluded by the judgment against him alone
except where fraud or collusion appears.  [2 Black
on Judgments (2 Ed.), sec. 587.; Freeman on Judg-
ments (4 Ed.), secs. 176, 180; Greenleaf on Evidence,
sec. 523; Nolan v. Johns, 108 Mo. 431, 18 S. W. 1107;
Jones v. Mastin, 60 Mo. App. 578; Parkhurst v. Sum-
ner, 23 Vt. 538; Stedman v. Ingraham, 22 Vt. 346.]

While the precise question in judgment here
seems not to have been directly considered in Mis-
souri, there are a number of adjudications in other
states which declare on the principles above pointed

out that the surety for costs in pending litigation is concluded by the judgment for costs given against his principal, even though the surety is not mentioned in such judgment. The cases referred to predicate the doctrine upon the proposition that such falls fairly within the obligation of the cost bond, for it is said by executing the bond the surety undertakes to answer for the conduct of his principal therein in respect of such costs as may be adjudged against him, and fur-' thermore voluntarily becomes a party to the record and in privity with the judgment debtor. The cases asserting the doctrine referred to on cost bonds in the nature of that now before us are as follows: Pullman's Palace-Car Co. v. Washburn, 66 Fed. 790; affirmed in Washburn v. Pullman's Palace-Car Co., 76 Fed. 1005; McClasky v. Barr, 79 Fed. 408; Stedman v. Ingraham, 22 Vt. 346; Nolly v. Squire, 1 Hill's (S. C.), 41; Sherburne v. Shepard, 142 Mass. 141. To the same effect, see Black on Judgments (2 Ed.), 587. It is entirely true that one may not be precluded otherwise than by due course of law. So much must be conceded. Due course of law assures to every person his right to a day in court and it is to this end notice is required that a hearing and an opportunity to defend shall be accorded. So, after all, notice and an opportunity to defend are the facts which introduce the element of conclusiveness into every judgment given by a court of competent jurisdiction. On principle, then, it would seem that the sureties ought to be concluded in the circumstances of the case now at bar, for they waived all further notice in the premises by voluntarily becoming parties to the record. If the sureties, with full knowledge of a pending litigation, voluntarily execute and file a cost bond in the case, and, in virtue of the statute which essentially enters as a silent factor in the obligation, become parties to the record for the purposes pertaining to the taxation of costs without other notice touching the matter, why should the judg-

ment against their principal not be conclusive against them? It seems in such circumstances the integrity of no principle of the law has been sacrificed or infringed, for, having notice, the sureties are accorded a day in court and have voluntarily submitted themselves to such judgment as should be given against the plaintiff for costs, subject to their right to move for a retaxation. By omitting to move for a retaxation of the costs, after the same were adjudged against their principal, the matter became *res judicata* and may not be reviewed in this collateral attack.

It cannot be said that because the sureties are not mentioned in the judgment they are not permitted to move for a retaxation of the costs adjudged against their principal, the plaintiff, for the reason their obligation is a recognizance, as said in Schawacker v. McLaughlin, supra, to answer for the default of the plaintiff touching costs, and they are therefore not only parties to the record, but, to the extent of costs, parties in interest as well. Being a party to the record, responsible for costs and liable to be concluded without other notice, the surety may file his motion to retax, if he feels aggrieved by an unjust taxation of costs against his principal, and may appeal from an adverse ruling of the court on such motion if he so desires, but, having failed to do either, the judgment must be treated as conclusive as to the matters determined between the parties to the suit.

Though it is not clear, we believe the principal question presented in this case was decided by the Supreme Court in Davis v. Farmer, 28 Mo. 54. However, the meager statement of facts in that case leaves us in doubt and it may be the only point urged upon the Supreme Court was that the defendant, who had prevailed in the action in which the security for costs was given, was not a competent party to maintain a suit against the surety on the cost bond, as that seems to be the principal matter discussed. However, on that

question the Supreme Court said such cost bonds are anomalous in omitting to name an object, but nevertheless, they seem to be recognized by our statute in the form presented. The court said, too, it was a most convenient practice to enter a judgment for costs directly against the sureties at the time judgment was given against the plaintiff, but if a judgment was not so entered, the defendant in the action should be construed as the obligee in the bond and permitted to sue thereon and recover from the sureties. The court said:

"The apparent intention of the Legislature would be defeated by applying technical rules to such instruments, and hence to give them effect it is necessary to construe the defendant in the suit in which the obligation is filed as the obligee, and to allow him, in the event that the *plaintiff is condemned* to pay the costs, to maintain an action in his own name *for all* the costs which the plaintiff is bound to secure." (Italics are our own.)

As said before, it is not entirely clear, but in view of the prior decision of Hamiltons v. Moody, 21 Mo. 79, in which the surety was declared to be a party to the suit for the purpose of the costs, it points to the conclusion that the judgment for costs against the plaintiff principal is to be taken as conclusive against his surety on the cost bond.

That a witness in whose favor fees are taxed as costs may maintain an action therefor against a surety on the cost bond has long since been settled, and if the witness may maintain such a suit, there can be no question as to the right of his assignee to do likewise. [Garrett v. Cramer, 14 Mo. App. 401.]

There is no controversy over the amount the plaintiff is entitled to recover, if the prior judgment taxing the costs be conclusive against the sureties, and we hold it is. The amount sued for is $493.75, together with interest at six per cent. from February 1, 1905.

Serrano v. Railroad.

The judgment should be reversed and the cause re- manded with directions to enter judgment for plaintiff for the amount stated. It is so ordered. All concur.